### 27637. MARLOW v. TANKERSLEY.

HAWES, Justice. Linda Tankersley Marlow filed a 2-count complaint in the Superior Court of Floyd County against Robert P. Tankersley, her former husband, seeking in count 1 thereof to regain the custody of the parties' two minor children who had been awarded to the defendant in a previous divorce action on the ground of a change in conditions; and, in count 2, to set aside the original decree awarding the children to the defendant on the ground that "at the time of the hearing she was incapacitated, hospitalized, and unable to attend the hearing." Before the final hearing of the case, the plaintiff abandoned her claim under count 2 and proceeded solely on the count seeking a change in the custody. The trial court passed an order denying that relief and she appeals. No transcript of the evidence was transmitted to this court, and inquiry with the Clerk of Floyd Superior Court reveals that the evidence was not transcribed.

In a case of this nature, the sole question is whether there has been such a change in the circumstances and conditions surrounding the children that it would be to

their best interest to modify the custody decree. *Bowen v. Bowen,* 223 Ga. 800 (158 SE2d 233). A discretion is vested in the trial judge to make that determination and his exercise of that discretion will not be disturbed by the appellate courts unless abused. *Madison v. Montgomery,* 206 Ga. 199 (1) (56 SE2d 292); *Mallette v. Mallette,* 220 Ga. 401, 404 (3) (139 SE2d 322). However, where on appeal to this court the evidence is not transmitted and it appears that the evidence was not recorded this court has no way of ascertaining whether the trial judge abused his discretion, and since a determination of the issues on appeal requires a consideration of the evidence the judgment must be affirmed. *Smith v. Smith,* 223 Ga. 795 (2) (158 SE2d 679); *Jones v. Jones,* 224 Ga. 571 (163 SE2d 692); *Thomas v. Thomas,* 227 Ga. 652 (182 SE2d 438).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 8, 1973 — DECIDED APRIL 16, 1973.

*John N. Crudup,* for appellant.
*E. Ralph Ivey,* for appellee.