## 32208. QUIGLEY v. QUIGLEY.

Bowles, Justice.

The case is before this court appealing from a judgment of the Superior Court of Fulton County, Georgia, holding the appellant husband in contempt for failure to pay his former wife alimony and child support.

We affirm.

A final decree of divorce was granted to the parties on August 4, 1972, a separation and alimony agreement was made part of the judgment and decree. Upon the appellant's failure to comply with the terms of the decree, the appellee filed a motion for contempt against him on October 4, 1976. An original rule nisi was signed by one of the judges of the Fulton County Superior Court directing the appellant to appear before another judge at 1 p.m. on the 11th day of November, 1976. Along with that motion and attached thereto was a motion to produce certain documents, also directed to the defendant requiring appearance at 11 a.m. on November 11, 1976. Appellant's original counsel having withdrawn from the case, appellant was personally served with a copy of the notice to produce and rule nisi on October 5, 1976, as shown by the entry of the sheriff. Appellant did not appear before the court at either 11 a.m. or 1 p.m. on November 11, 1976, and the judge heard the matter in his absence. This resulted in a final order holding him in contempt. Appellant did, however, at 9 a.m. on the 11th day of November, 1976, file with the Clerk of the Superior Court of Fulton County a motion to quash the summons and notice to produce in which he said that the copy of the rule nisi required him to appear before the court on the 11th day of November, 1976 at 1 o'clock *in the morning* and in which he claimed he did appear at such hour and date. Appellant's motion also recites that the copy of the notice to produce served on him required him to produce documents at 11 a.m. on the 11th day of November, *1974*. Appellant complains that the summons attached was vague, broad and incomplete, with erroneous times and erroneous dates, and subjects appellant to jeopardy as defined by the United States and Georgia Constitutions, and submits the same to the court for the court's

consideration without oral argument because "further oral argument might place him in further jeopardy." After filing this motion to quash, appellant did not inquire further from the court about the proper time or date, nor did he appear in support of his motion.

Thus, the original record of the court shows two times for the appellant's appearance on the 11th day of November, 1976, with one reading at 11 a.m. and the other reading 1 p.m. We only have the appellant's motion, which he did not pursue, claiming that different hours and dates were entered on the copies served on him. After final judgment was entered holding him in contempt he did not seek to have the same set aside or corrected in any way. He filed his first notice to appeal to this court stating that the transcript of the evidence and proceedings will be submitted to the Supreme Court as a part of the record on appeal. He later amended that appeal by striking the last paragraph regarding the transcript and proceedings. Thus we have no transcript of the evidence and proceedings which can be considered by this court.

1. Appellant's first enumeration of error complains that the trial court erred in failing to grant his motion to quash summons and notice to produce. Without an order of the trial judge ruling either for or against appellant's motion, there is nothing for this court to pass on in that respect.

2. The second enumeration contends that the trial judge erred in hearing the contempt action, as, based upon the merits of the motion to quash summons, he had no jurisdiction. With this we cannot agree. The original rule nisi and the original notice to produce which are on file in the office of the Clerk of the Superior Court show clearly that appellant was required to appear at a definite time, date and place to respond to the motion. The entry of the sheriff's office shows that a true copy of these documents was served upon appellant. If through some clerical error, the copies served upon the appellant varied in time and date from the originals on file with the court, this would be an amendable defect and the clerical error, if any, would not be fatal to the proceeding. Appellant admits that the rule nisi served upon him required him to appear at 1 a.m. on November 11, 1976. While this is an unusual hour for a

court hearing to be held, we know of no legal reason that would prohibit the court from thus sitting. The appellant even claims he appeared at the courthouse at that hour. He also appeared at the courthouse at 9 a.m. on November 11th, and filed his motion to quash, but after filing, elected to absent himself. He also elected not to inquire of the clerk or of the court in regard to the correctness or incorrectness of the nisi order.

Chief Justice Jackson said in *Williams v. Buchanan,* 75 Ga. 789: "When a man knows that he is sued, and is served with a copy of the declaration which tells him what he is sued for and in what court, it would be well for him to step to the clerk of that court and find out something about any little mistake in the process, and attend at the first term to take advantage of the mistake, if it would avail him, or have it corrected and put off a term, if the court so decided, especially would it be prudent not to delay action until after trial term, verdict, judgment and execution, and then set up the mistake of the clerk, which must have been known to him the moment he read the copy-declaration and process handed him by the sheriff, and called to mind the fact known to everybody in Sumter County that the superior court met in April and not in December."

Appellant had already been involved in the divorce proceedings in this same court. He had also previously been cited for contempt in this same court, following that final judgment. Thus, he was no stranger to the court. He had been served personally 37 days in advance of the contempt hearing date. When he appeared at 1 a.m., and inquired of the deputy sheriff, it is reasonable to assume that he could also inquire about the court's schedule. In any event, at 9 a.m. when he filed his motion, he could have without doubt, verified with the clerk the correct hour shown on the original court order. Instead, he elected to rely on his motion, and not appear. Now he must suffer the consequences. See *Harris v. Taylor,* 148 Ga. 653 (1); *Williford v. Marshall,* 175 Ga. 683; *Richmond & Danville R. Co. v. Benson & Co.,* 86 Ga. 203; *Baker v. Thompson,* 75 Ga. 164; *W. T. Rawleigh Co. v. Watts,* 68 Ga. App. 786. We will not allow appellant to avoid his responsibility to the court or to his wife and children on such pretenses.

3. Enumeration No. 3 complains that the trial judge erred in holding appellant in contempt of court. Appellant elected to omit the transcript of the evidence on the record in this court and, therefore, we cannot determine what evidence was presented at the hearing. We do have a record of the final judgment and decree of divorce dated August 4, 1972 requiring appellant to pay certain amounts for alimony and child support. Appellant consented to the provisions stated therein. We also have the judgment of the court dated the 11th day of November, 1976, holding the appellant in contempt for failure to fulfil these obligations. Without the transcript it is not possible to determine what evidence was presented, and it is not possible to determine if the trial judge erred in holding the appellant in contempt. *James v. Housing Authority &c. of Atlanta,* 233 Ga. 447 (211 SE2d 738) (1975); *Marlow v. Tankersley,* 230 Ga. 460 (197 SE2d 709) (1973). We assume that the trial court did its duty and we will not disturb its judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 8, 1977 — DECIDED JUNE 20, 1977.

*Harrison, Hendon, Glean, Kovacich & Naughton, Michael Anthony Glean,* for appellant.

*Peek & Whaley, William H. Whaley,* for appellee.

