## 35671. J. H. MORRIS BUILDING SUPPLIES et al. v. BROWN et al.

MARSHALL, Justice.

In this case, the Court of Appeals held that the failure to state in a claim of materialmen's lien the date said claim became due renders the lien ineffective and, therefore, unenforceable against the property owner against whom the lien was filed. We reverse.

As stated in Code Ann. § 67-2002 (as amended, Ga. L. 1977, p. 675): "To make good the liens specified in section 67-2001, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective . . ." Subsection 1 of Code Ann. § 67-2002 requires a substantial compliance by the party claiming the lien with his contract. Subsection 2 requires the filing for record of the claim of lien within three months after the completion of the work or furnishing of materials. Subsection 2 does state that, "[t]he failure to specify both the amount claimed due under the lien and the date said claim was due shall result in such lien not constituting notice for any purpose." (Ga. L. 1967, p. 456) Subsection 3 requires commencement of the action for recovery of the amount of the claim of lien within 12 months from the time the same shall become due.

As we read the provisions of Code Ann. § 67-2002, the lien is rendered ineffective against the property owner only in the event that there is not a substantial compliance by the party claiming the lien with his contract; or that the claim of lien is not filed for record

within three months after the completion of the work or furnishing of material; or that the action for recovery of the amount of claim of lien is not commenced within 12 months from the time the claim became due. The failure to specify in the claim of lien the amount claimed due and the date the claim became due does "result in such lien not constituting notice for any purpose," but this does not render the lien ineffective.

What this means, essentially, is that the filing for record of the claim of lien will not provide constructive notice if the claim of lien does not specify both the amount claimed due and the date the claim was due. Thus, if the claim of lien fails to specify these things, someone purchasing or acquiring an interest in the property after the claim of lien was filed would not take subject to the lien absent actual notice of the existence of the lien. See *Picklesimer v. Smith,* 164 Ga. 600, 604 (139 SE 72) (1927); 20 EGL 64, Liens, § 71. The lien can still be enforced against the owner of the property, if he has consented to the contract under which the improvements to his real estate were made or if he has taken action estopping him from denying such consent. *Ga. State Sav. Assn. v. Wilson,* 189 Ga. 21, 28 (5 SE2d 14) (1939) and cits.

In this case, there is no question that the defendants-property owners consented to the contracts under which the improvements to their real estate were made. Therefore, the Court of Appeals was in error in affirming the trial court's dismissal of these suits.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., who dissents.*

ARGUED JANUARY 15, 1980 — DECIDED
FEBRUARY 5, 1980.

*Kenneth S. McBurnett,* for appellants.
*James R. Kobleur, J. Noel Osteen,* for appellees.