61228. COMMUNITY EDUCATION CENTER, INC. v. COHEN et al.

SHULMAN, Presiding Judge.

Appellees began this case by filing a dispossessory warrant alleging that appellant had not paid rent. Appellant answered and filed counterclaims. A procedural battle then began, a battle only partly documented in the record. A trial was held, but the judgment entered on a verdict directed for appellees was reversed by this court in 151 Ga. App. 77 (258 SE2d 742). After the return of the case to the trial court, the procedural maneuvers continued. The trial court granted a petition by appellees to increase the amount of rent paid into the registry of the court. Upon appellant's failure to comply with that order, the trial court issued to appellees a writ of possession. When the case subsequently was called for a pre-trial conference, the trial court ruled that the writ of possession was a final order mooting any remaining issues. Appellant has enumerated as error the trial court's denial of appellant's right to trial, the denial of appellant's motion to transfer the case to superior court, and the granting of appellees' petition to increase the rent and disburse to appellees the amounts paid into the court. Our review of the case compels us to the decision that substantial error, requiring reversal, was committed.

1. Appellant's claim that the trial court erroneously denied appellant the right to a trial is well taken. Although appellees remark in their brief that the counterclaims have been dismissed, and there are other references in pleadings to various dispositions of those claims, there is no dismissal or transfer or other disposition on the record. It follows, then, regardless of the appropriateness of the issuance of the writ of possession, that the trial court erred in ruling that the case was concluded by the writ of possession. So far as may be determined from the record, there are still claims pending for which a jury trial has been demanded. Appellant has been erroneously denied

a trial at which it may prosecute the claims it has against appellees.

2. The second enumeration is based on an allegation that the trial court denied appellant's motion to transfer the entire case to the superior court. That assertion is not supported by the record. A motion to transfer appears in the record, but there is no disposition of that motion. Since appellant has not shown that the motion was denied, there is no decision to be reviewed.

3. Appellant's third enumeration of error concerns the trial court's decision raising the rent to be paid into the registry of the court and the court's order that the rental payments be disbursed to appellees as made. We agree with appellant that the trial court had no authority whatever for such actions.

Code Ann. § 61-304 (d) provides for such payment to the landlord only when the tenant makes no claim to the funds. In this case, appellant had filed counterclaims which sought considerably more than the rent involved. Since, as we have ruled above, the counterclaims are still pending, there was no justification for releasing the funds to appellees. The trial court's action in so doing was directly contrary to the controlling statute and requires reversal of the order permitting withdrawal of the funds by appellees.

Nor do we find any authority for the trial judge to increase the rental to be paid into the court. The applicable statute is Code Ann. § 61-304 (a), which provides that if the amount to be paid is in dispute, either party can produce a written rental contract to show the proper rent. If there is no written rental contract, the proper rent is the amount last accepted by the landlord without written objection. Here, appellees contended that the lease between the parties had expired. If that were so, as the trial court found, there was no written rental contract between the parties and the proper rent was the amount last accepted by appellees without written objection. If the lease was still in effect, the rent would obviously be the same. We find, therefore, that the trial court was in error in ordering an increase in the rent to be paid into court. Since the writ of possession was issued because of appellant's failure to pay this increased rental, and we have held the increase to be error, it follows that the issuance of the writ of possession was likewise error.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED APRIL 8, 1981 —
REHEARING DENIED MAY 5, 1981 —

*B. T. Edmonds, Ayres Gardner,* for appellant.

*Clayton Jones, Jr.,* for appellees.