## A90A0087. JONES v. SHAFER et al.
(395 SE2d 662)

McMurray, Presiding Judge.

William Shafer and Sharon Shafer (plaintiffs) brought an action against Cherokee Homes, Inc., and Bobby L. Jones (defendants), seeking damages for defects in a home which was allegedly sold to plaintiffs by defendants. Plaintiffs further alleged that defendant Jones induced them to execute the sales contract before certain landscaping and waterproofing defects were solved by giving them "express assurances that the condition would be corrected." Defendant Jones admitted that he was the principal owner and officer of the corporate defendant and that the corporate defendant entered into a real estate sales contract with plaintiffs. However, defendant Jones denied liability to plaintiffs, contending that "he was not a party to [the sales] transaction."

The case was tried before the court without a jury and, after considering the evidence, the trial court awarded plaintiffs $13,500. Defendant Jones appealed after the denial of his motion for new trial. *Held*:

In his sole enumeration, defendant Jones contends the trial court erred in finding that he was a party to the sales transaction between the corporate defendant and the plaintiffs, arguing that he executed the real estate sales contract in his corporate capacity and that, as a result, he has no personal liability for breaching the contract.

It is unnecessary to address the issue of whether the trial court erred in finding that defendant Jones executed the sales contract in his personal capacity. The trial court also made a finding that defendant Jones personally "assured the Plaintiffs that they would have a dry basement. . . ." There was evidence to support this finding and it was sufficient evidence to sustain the verdict.

Where "[t]he trial judge sits as trier of fact, . . . his findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them. *Givens v. Gray*, 126 Ga. App. 309, 310 (190 SE2d 607) and cits." *Comtrol, Inc. v. H-K Corp.*, 134 Ga. App. 349, 351 (2), 352 (214 SE2d 588). In the case sub judice, plaintiff William Shafer testified that defendant Jones "personally guaranteed . . . a dry basement" at the plaintiffs' house. This evidence, and evidence showing that plaintiffs' basement was never waterproofed, that the lack of waterproofing caused extensive water seepage into plaintiffs' basement and that the cost of repairing the defect is $13,500, was sufficient to authorize a finding that defendant was personally responsible for the $13,500 waterproofing bill.

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs in the judgment only.*

DECIDED JULY 6, 1990.

*Robert E. Hall*, for appellant.
*Donald T. Salter*, for appellees.