### A91A1065. STEDRY et al. v. MITCHELL.
(411 SE2d 735)

COOPER, Judge.

Appellants appeal from a judgment and an award of attorney fees granted to appellee by the trial court after a bench trial.

Appellee is the owner of a turnkey company, which performs cleaning and renovation services for apartment complexes. Appellee sued appellants, Marie and Fred Stedry, the owners of the Mountain Grove Apartments, on an account due with respect to turnkey work performed by appellee on the apartments. Appellee originally sued appellants and the management company, and appellee obtained a default judgment against the management company. Appellee was unable to collect on the default judgment and proceeded to trial against appellants on the grounds that they are personally liable for the contract with appellee because of their partnership status in the management of the complex and because personal representatives of appellants actually contracted with appellee and promised payment to appellee.

1. Appellants first enumerate as error the $10,000 judgment granted to appellee, arguing that there was no evidence to show that appellants are personally liable because appellee's contract and her dealings were with the management company. Appellee testified before the trial court that she did deal with representatives of the management company, however, she also testified that she had direct contact with the personal secretary of Fred Stedry ("Stedry"); that the secretary was aware of and acquiesced to the work appellee was performing on the apartments; and that the secretary told appellee that she was trying to get with Stedry to set up payments to appellee. Appellee also testified that she received promises to pay from the secretary. Appellee stated that she observed Stedry at the property, and he was "around" the property when she was being asked to do work. Stedry testified that he was not actively involved in the management of the property but that he had leased the property to Southern Diversified Properties, Inc. ("Southern"), who then employed its subsidiary, Apartment Management Company ("AMC"), to actively manage the complex. Stedry was aware from the outset that Southern had engaged AMC to manage the property. No lease agreement or any

documentation was introduced at trial supporting Stedry's testimony that he was the lessor, or that Southern or AMC were the lessees, of the property. However, appellee introduced a written Statement of Partnership, signed and dated by all the partners, which restated a general partnership between appellants and Southern. The partnership agreement itself was not introduced at trial. The general partnership was created to own and operate the Mountain Grove Apartments. The statement provided that Southern was to manage, control and make all decisions affecting the business and assets of the partnership and was to have exclusive responsibility for the operation of the apartment complex. At trial there was no evidence submitted to confirm that the Partnership ever owned the property; instead, it is admitted by all that title remains in the appellants' names. Stedry testified that the partnership agreement was contingent upon the approval of the mortgage holder, and if it were not approved, then the agreement would operate as a lease for two years at which time the partners would receive a guaranteed income. There was no evidence introduced at trial indicating whether the partnership agreement was ever submitted to or approved by the mortgage holder, nor was there any evidence, documentary or otherwise, supporting Stedry's description of the arrangement with Southern. There was introduced a closing statement and other documents evidencing transfer of a percentage of the ownership of the apartments from appellants to Southern, but this document was not explained through any witness' testimony.

We have carefully considered the evidence, and the lack thereof, in the record and conclude that, despite Stedry's testimony to the contrary, the evidence indicates that the property was to be owned and operated by and through a general partnership between appellants and Southern. Southern, having exclusive authority to manage the property, employed its subsidiary to actively perform the management duties. This employment was within the scope of Southern's authority and was known and approved by Stedry. When AMC's duties were terminated, Stedry, as general partner, had his personal secretary actively involved with the property. "An admission made by a partner concerning partnership affairs within the scope of his authority is evidence against the partnership. OCGA § 14-8-11. . . . An admission by an employee of the partnership within the scope of his authority can be considered against the partnership. OCGA § 24-3-33." *Doctors Hosp. of Augusta v. Bonner*, 195 Ga. App. 152, 158 (2) (392 SE2d 897) (1990). Whether AMC and/or Stedry's secretary were agents of the partnership was for the finder of fact to determine. Id. at 159. The trial court found "[t]hat [appellants] contracted, through their agents, with [appellee] for certain work performed upon their property. . . ." "In a bench trial the court sits as trier of fact and its findings will not be set aside unless clearly erroneous. [Cit.]" *Venture*

*Design v. Original Appalachian Artworks*, 197 Ga. App. 432, 434 (1) (398 SE2d 781) (1990). Thus, the court's "findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them. [Cits.]" *Jones v. Shafer*, 196 Ga. App. 254 (395 SE2d 662) (1990). Although the trial court did not make a finding as to the existence of a general partnership between appellants and Southern, the court could reasonably have found, based on the evidence produced, that the promises of AMC and/or the secretary, as agents of the partnership, sustained the personal liability of appellants, as general partners, for the account due appellee. See *Venture Design*, supra at 434.

2. Appellants next contend that the court erred in awarding attorney fees to appellee. A separate hearing was held before the court on appellee's claim for attorney fees; however, no transcript of that hearing was made. "The burden is on the appellants . . . to prepare a copy of the transcript for inclusion in the appellate record. [Cit.] Accordingly, without a transcript to consider we must presume that the trial court's findings were proper and supported by competent evidence. [Cit.]" *Young v. First American Bank of Ga.*, 196 Ga. App. 348, 349 (1) (396 SE2d 73) (1990). We affirm the attorney fee award made by the trial court.

3. Appellants finally contend that the court erred in awarding interest on the judgment at the rate of 18 percent per annum. Since the judgment in fact awards interest at the rate of 12 percent per annum, this enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

ON MOTION FOR RECONSIDERATION.

Appellant contends that the court erred on awarding pre-judgment interest at the rate of 12 percent. All the invoices submitted by appellee to appellants stated that if the invoice was not paid within 30 days, a 1½ percent finance charge would be added to the account. Thus, the appellee expressed an intent prior to trial to charge the maximum 1½ percent per month allowed by OCGA § 7-4-16. Even though the court could have assessed prejudgment interest at 18 percent, the judgment stated that all interest would accrue at 12 percent. There was no error.

*Motion for reconsideration denied.*

DECIDED OCTOBER 9, 1991 —
RECONSIDERATION DENIED OCTOBER 31, 1991 — 

*Lawson & Davis, James T. Johnston, Jr., William F. Mitchell*, for appellants.

*Smith & Welch, Benjamin W. Studdard III*, for appellee.