A92A0244. GEORGIA NORTH CONTRACTING, INC. v. HANEY & HANEY CONSTRUCTION & MANAGEMENT CORPORATION.
(419 SE2d 348)

ANDREWS, Judge.

This court granted interlocutory appeal to Georgia North Contracting, Inc. to consider the dismissal of that portion of its complaint seeking foreclosure of three liens.

All three liens, one in Gwinnett County and two in Forsyth County, arose from a contract between Georgia North Contracting, Inc. and the owners of three tracts of land, Haney & Haney Construction & Management Corp. (Haney) and Suwanee/85 Business Park, L. P. The Schwartzes purchased the Forsyth County parcel from Haney on May 7, 1990, before the filing of the lien on August 23, 1990.

The liens stated that they were "claimed by Ron Smith, d/b/a Georgia North Contracting, Inc." and stated that "[t]his lien is filed within three months after supplying the labor and material for the improvements to said property." No date was specified.

After filing three suits to foreclose on the liens, all three complaints were amended noting that the liens were filed by the individual instead of the corporation. As stated in the amended complaints, "[w]hen the clerical error was discovered, Ron Smith, one of only two owners of the Plaintiff corporation, transferred all of his rights under the claim of lien to the Plaintiff corporation."

The owners filed motions to dismiss on two grounds: (1) the lien failed to specify the date the claim came due as required by OCGA § 44-14-361.1 (a) (2) and was therefore unenforceable and (2) the suit to foreclose the lien was brought by a party different from the one who

filed the underlying lien leaving the plaintiff without standing to foreclose the lien. The court granted the motions on both grounds.

1. (a) The owners contend that because the lien, on its face, does not reflect the date from which the three month and twelve month time periods mandated in OCGA § 44-14-361.1 (a) (2) & (3) run, the lien is unenforceable for failure to comply with the statute.

Subsections (2) and (3) require filing of record of the claim of lien within three months after completion of the work in the case of a contractor, which claim shall be "in substance" as follows, including "(specify the date the claim was due)."

Georgia North relies on *J. H. Morris Bldg. Supplies v. Brown,* 245 Ga. 178 (264 SE2d 9) (1980), and *L & W Supply v. Whaley Constr. Co.,* 197 Ga. App. 680 (399 SE2d 272) (1990).

In *L & W*, it was determined that the statement by a materialman that the "last day . . . material [was] delivered was [August 16, 1988 and September 21, 1988, respectively]"[1] was the legal equivalent of stating that the "claim became due" on said date. "What it stated was the same thing as what is required." Id. at 681.

Therefore, the *L & W* lien was effective for all purposes. Even absent a specific calendar date, "[t]he Supreme Court has held that if the lien is filed on time and the action is commenced on time, *it is still effective against the property owner despite the lienholder's failure to specify the amount or due date in the lien claim. J. H. Morris Bldg. Supplies v. Brown,* 245 Ga. 178 (264 SE2d 9) (1980)." Id. at 682.

The owners argue that a calendar date which was the legal equivalent of the due date was stated in *L & W*, while only the defining language "filed within three months after supplying the labor and material for the improvements to said property" is used here and this language is comparable to that used and found insufficient in *Lowe's of Savannah v. Jarrell,* 150 Ga. App. 220 (257 SE2d 341) (1979). That case, however, was decided under the statute prior to the 1983 amendment which deleted the proviso that "[t]he failure to specify both the amount claimed due under the lien and the date said claim was due shall result in such lien not constituting notice for any purposes." OCGA § 44-14-362 (2), formerly Ga. Code Ann. § 67-2002 (2). See also *Cherokee Culvert Co. v. Gurin,* 153 Ga. App. 296 (265 SE2d 106) (1980). The language here is similar to the liens involved and found effective at least against the owners in *J. H. Morris,* supra. As noted in *L & W*, the 1983 amendment to the statute did not affect the rationale of that case as far as property owners are concerned.

---

[1] There were two separate projects involving two properties, resulting in two operative delivery dates.

Therefore, the dismissal of the claims as against the owners was improper on this ground.

(b) As to the Schwartzes, the lien would be effective as to them only if they purchased the property with actual notice of the construction or the lien claim. *J. H. Morris,* supra at 179.

"A motion to dismiss for failure to state a claim is not to be granted unless under the pleadings, construed in a light most favorable to the plaintiff, plaintiff can establish no set of facts that would entitle it to relief against the defendant. [Cits.]" *Wehunt v. ITT &c. Corp.,* 183 Ga. App. 560, 561 (2) (359 SE2d 383) (1987). Since the issue of actual notice cannot be eliminated at this stage, the dismissal was also improper as to them on this ground.

2. The liens were all filed in August 1990 by "Ron Smith, d/b/a Georgia North Contracting, Inc." although the suit was filed by Georgia North Contracting, Inc. After the Motion to Dismiss was filed, an amendment to the complaint was filed in which Georgia North acknowledged that the lien was filed by Smith individually instead of the corporation but contended that an assignment of rights on May 17, 1991 corrected this problem.

An instrument signed in this manner merely "shows descriptio personae and does not render the instrument that of the designated principal." *Latham &c. Co. v. Ledbetter Trucks,* 96 Ga. App. 219, 221 (99 SE2d 545) (1957). In *Allen v. Arrow Contracting Co.,* 110 Ga. App. 369 (138 SE2d 600) (1964), the lien claim in the name of "Jack A. Spielberg, trading as Arrow Contracting Co., Inc." was not sufficient to assert a lien for work done under a contract by Arrow Contracting Company by Jack A. Spielberg. See *Nix v. Luke,* 96 Ga. App. 123, 127 (3) (99 SE2d 446) (1957).

"Contractor" for purposes of the lien statutes is defined by OCGA § 44-14-360 (1) as a "contractor having privity of contract with the owner of the real estate." Ron Smith was not, either at the time the contract was entered into or at the time the lien was filed, the "contractor" under this definition and therefore had no standing to assert any lien rights. Compare *Coe & Payne Co. v. Foster & Kleiser Co.,* 258 Ga. 161 (366 SE2d 292) (1988) (suit to foreclose lien may be amended to substitute defendant when the lien names the correct owner) and *Summit-Top Dev. v. Williamson Constr.,* 203 Ga. App. 460 (416 SE2d 889) (1992) (corporate veil of owner of property may be pierced under certain circumstances in lien foreclosure proceeding).

Therefore, the dismissal of the count seeking foreclosure of the lien was correct on this premise.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MAY 28, 1992.

*Calhoun, Whiteside & Coyle, Lee B. Whiteside,* for appellant.

*McCurdy & Candler, Dana B. Miles, Michael C. McGoff, Hurt, Richardson, Garner, Todd & Cadenhead, Harold N. Hill, Jr., Daniel F. Hinkel,* for appellee.