A98A1416, A98A1417. HIPPLE et al. v. SIMPSON PAPER
COMPANY (two cases).
(507 SE2d 156)

JOHNSON, Presiding Judge.

Simpson Paper Company sued Robert J. Hipple, Robert J. Hipple & Associates, L.L.C., and Corporate Counsel, Inc. for rent due and trespass. Following a bench trial, the trial court awarded Simpson Paper Company judgment in the amount of $18,000. Subsequently, the trial court awarded Simpson Paper Company attorney fees in the amount of $8,530. Robert J. Hipple appeals the trial court's judgments. For reasons which follow, we affirm.

*Case No. A98A1416*

1. Simpson Paper Company's motion to dismiss based on Hipple's failure to file his brief and enumerations of error is hereby denied. Hipple contends that he did not receive notice of docketing in Case No. A98A1416 and assumed the two cases were consolidated by

---

the Court of Appeals. We note initially that Hipple filed two separate notices of appeal from two separate trial court orders and that the Court of Appeals' file shows notices of docketing in both cases were sent to the address indicated. We further note that the Court of Appeals does not sua sponte consolidate cases when they are filed and send only one docketing notice. " 'It is fundamental that it is the duty of counsel who have cases pending in court to keep themselves informed as to the progress of the cases so that they may take whatever actions may be necessary to protect the interests of their clients. [Cit.]" *Hipple v. Brick*, 202 Ga. App. 571, 573 (3) (415 SE2d 182) (1992). Likewise, it is the responsibility of the attorney filing a notice of appeal to keep himself apprised of the status of his appeal.

Nevertheless, we are constrained by the language of OCGA § 5-6-48 as well as the mandate of OCGA § 5-6-30 that the appellate practice provisions be liberally construed "so as to bring about a decision on the merits of every case appealed." Hipple did, in fact, file enumerations of error and a brief outlining all of his issues in both cases in Case No. A98A1417. We therefore will address Hipple's enumerations of error.

2. In his first three enumerations of error, Hipple contends the trial court erred in refusing to grant his motion for judgment on the pleadings, to dismiss or, in the alternative, for summary judgment. The record shows that Hipple filed the motion at issue 12 days before trial. Uniform Superior Court Rule 6.6 specifies that "[m]otions for summary judgment shall be filed sufficiently early so as not to delay the trial. No trial shall be continued by reason of the delayed filing of a motion for summary judgment." Hipple's motion was not timely filed.[1] Moreover, the trial court did not rule on the motion. "Without an order of the trial judge ruling either for or against [Hipple's] motion, there is nothing for this court to pass on in that respect." *Quigley v. Quigley*, 239 Ga. 250, 251 (1) (236 SE2d 603) (1977); *Community Ed. Ctr. v. Cohen*, 158 Ga. App. 456, 457 (2) (280 SE2d 839) (1981). We may not address issues on appeal which were not addressed by the trial court. *White v. KFC Nat. Mgmt. Co.*, 229 Ga. App. 73, 74 (1) (493 SE2d 244) (1997); *Security Mgmt. Co. v. King*, 132 Ga. App. 618, 619 (1) (a) (208 SE2d 576) (1974).

3. Hipple also alleges as error the trial court's grant of judgment in favor of Simpson Paper Company for trespass damages, claiming there was no evidence to support the judgment. However, Hipple has failed to provide this Court with a transcript of the evidence presented at the trial. In fact, his notice of appeal specifically states

---

[1] While Hipple filed a motion to postpone trial with this motion, the trial court did not rule on either motion. Hipple does not enumerate as error the trial court's failure to enter an order on either motion.

that "[a] transcript of evidence and proceedings will not be filed for inclusion in the record on appeal." Since the resolution of Hipple's enumeration of error requires this Court to have before it the evidence presented during the trial, we cannot determine whether Hipple's enumeration of error has merit.

It is the appellant's duty to provide this Court with a record sufficient to enable us to review his enumerations of error. In the absence of a transcript of the evidence, we must presume that the evidence authorized the judgment of the trial court. See *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990); *McClaskey v. Jiffy Lube*, 197 Ga. App. 537 (398 SE2d 825) (1990). While Hipple cites facts from an affidavit he filed prior to trial in support of his motion to dismiss, these facts may not be used in lieu of a transcript. "The affidavit, deposition and oral testimony provisions of OCGA § 9-11-43 (b), pertaining to the hearing of motions based on facts not appearing of record, cannot be used to cure the absence of a transcript of proceedings for post-trial motions or for appellate review." (Citation and punctuation omitted.) *Beech Aircraft Corp. v. Jackson*, 199 Ga. App. 627 (405 SE2d 518) (1991).

*Case No. A98A1417*

4. Simpson Paper Company's motion to dismiss based on Hipple's failure to timely file his amended brief is hereby denied. Hipple was granted an extension of time in which to file his amended brief and did so within the time permitted in the extension order.

5. The only issue remaining in this case is whether the trial court erred in granting attorney fees to Simpson Paper Company pursuant to OCGA § 9-15-14 (b). That statute allows the trial court to assess reasonable and necessary legal fees and expenses when a party has defended a claim without substantial justification or has "unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery." OCGA § 9-15-14 (b). Hipple contends the evidence does not support the award of attorney fees against him. We review the grant of attorney fees under OCGA § 9-15-14 (b) only for abuse of discretion. *Santora v. American Combustion*, 225 Ga. App. 771, 774 (2) (485 SE2d 34) (1997).

Hipple has failed to show that the trial court abused its discretion in awarding attorney fees to Simpson Paper Company. Despite Hipple's claim that the trial court found "without explanation" that he had unnecessarily expanded the scope of the litigation, the trial court's order clearly sets forth the grounds upon which it entered the award of attorney fees: "Among other things, the Court finds that Mr. Hipple was responsible for both Plaintiff's and the Court's difficulties in locating him for service of process and notice to him of hearings

and other proceedings. Moreover, because Mr. Hipple was also attorney of record for the defense in this case, the fact that he was 'out of the country' at certain times did not excuse his failure to appear for hearings or take actions in a timely manner, because he did not file proper requests for leaves of absence. Moreover, Defendant's conduct throughout this litigation, including discovery and at trial, greatly expanded this otherwise straightforward civil dispute. Such conduct falls well within the intended reach of subsection (b)."

In his brief, Hipple attempts to dispute the grounds upon which the trial court based its order. However, "this court cannot consider in the appellate process either mere allegations of fact found in a party's pleadings, not admitted by the opposing party, or factual assertions in the parties' briefs, when such allegations and assertions are not supported by the record. [Cit.]" *Nodvin v. West*, 197 Ga. App. 92, 96 (3) (c) (397 SE2d 581) (1990). A brief cannot be used in lieu of the record or transcript for adding evidence to the record; we must take our evidence from the record and not from the brief of either party. Id. at 97. Moreover, the trial court's order was partially based on Hipple's conduct at trial. Without a transcript of those proceedings, it is impossible for this Court to determine whether the trial court abused its discretion in determining that Hipple's conduct justified an award of attorney fees. *Stedry v. Mitchell*, 201 Ga. App. 682, 684 (2) (411 SE2d 735) (1991). Thus, this Court must affirm the trial court's award of attorney fees pursuant to OCGA § 9-15-14 (b).

*Judgments affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 11, 1998 —
RECONSIDERATION DENIED SEPTEMBER 25, 1998 —

*Robert J. Hipple*, for appellants.
*Nelson, Mullins, Riley & Scarborough, Sara S. Turnipseed, Donald L. Swift III, Barry Staples, L. Chandler Vreeland*, for appellee.