A09A0175. VULCAN CONSTRUCTION MATERIALS, LP
v. FRANKLIN BUILDERS PROPERTIES, INC.
(679 SE2d 356)

MILLER, Chief Judge.

Vulcan Construction Materials, LP ("Vulcan") filed suit against Franklin Builders Properties, Inc. ("Franklin") to enforce a materialman's lien on Franklin's real property. Vulcan appeals from the trial court's order granting summary judgment in favor of Franklin, arguing that the trial court erred in concluding that Vulcan's suit

---

[5] *Peters v. State*, 237 Ga. App. 625, 625 (516 SE2d 331) (1999).
[6] *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991).

was barred because its claim of lien failed to state the date Vulcan's claim became due. We agree and reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that in January 2007, Franklin entered into a verbal agreement with Johnnie and Nelson Buckland d/b/a A Buck Asphalt Paving ("Buck Paving"), under which Buck Paving agreed to do grading, paving, and related work on real property owned by Franklin (the "Property"). Vulcan contends that, in turn, it contracted with Buck Paving to provide materials, such as crushed stone, that Buck Paving needed to complete the work for Franklin and that it supplied those materials to Buck Paving but was never paid. Franklin, for its part, claims that Buck Paving's workmanship was defective and that all of Buck Paving's work and the materials it incorporated had to be removed from the Property and replaced by another contractor.

On March 12, 2007, Vulcan filed a claim of lien against the Property in the State Court of Carroll County. The claim of lien asserted that the lien was claimed for

> materials sold, delivered and used, and/or for work, labor and services performed for the improvement of [the Property] furnished at the special instance of [Buck Paving] and is filed within[ ] three months for [sic] the last date of the furnishing of said material, work, labor and/or services. . . .

On August 17, 2007, Vulcan filed suit against Buck Paving seeking to recover $13,092.10 on an open account. On the same date, Vulcan filed a notice of its suit against Buck Paving in the State Court of Carroll County. Thereafter, on November 28, 2007, Vulcan obtained a default judgment against Buck Paving. On March 11, 2008, Vulcan filed its suit against Franklin to foreclose the lien on the Property. After answering Vulcan's complaint and unsuccessfully moving to transfer venue, Franklin filed a motion for summary judgment, arguing, among other things, that Vulcan's claim of lien failed to comply with OCGA § 44-14-361.1 in that the claim of lien

did not state the date the claim was due. The trial court granted summary judgment in Franklin's favor on this ground.

OCGA § 44-14-361 grants materialmen such as Vulcan a special lien against real estate for which they have furnished materials, provided the materials were furnished at the instance of the real estate owner, a contractor, or a person acting on the owner's or contractor's behalf. OCGA § 44-14-361 (a) (2), (b). OCGA § 44-14-361.1, among other things, sets forth the requirements for declaring and creating the liens specified in OCGA § 44-14-361. In relevant part, OCGA § 44-14-361.1 provides:

> (a) To make good the liens specified in . . . subsection (a) of Code Section 44-14-361, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable: . . .
>
> (2) The filing for record of his claim of lien . . . within three months after the material or machinery is furnished in the office of the clerk of the superior court of the county where the property is located, which claim *shall be in substance* as follows: "A.B., a . . . materialman . . . claims a lien in the amount of (specify the amount claimed) on the house . . . and the premises or real estate on which it is erected or built, of C.D. . . . *for satisfaction of a claim which became due on (specify the date the claim was due)* for . . . furnishing material. . . ."

(Emphasis supplied.) OCGA § 44-14-361.1 (a) (2).[1]

We have held that "materialmen's liens under OCGA § 44-14-361 are in derogation of common law and thus are to be strictly construed against the . . . materialman." (Citation omitted.) *L&W Supply Corp. v. Whaley Constr. Co.*, 197 Ga. App. 680, 681 (399 SE2d 272) (1990); *Gwinnett-Club Assocs., L.P. v. Southern Elec. Supply Co.*, 242 Ga. App. 507, 508-509 (529 SE2d 636) (2000) ("[W]e have long recognized that the statutes involving materialman's liens must be strictly construed in favor of the property owner and against the materialman.") (citation omitted). We have also recognized, however, that OCGA § 44-14-361.1 (a) (2), tempers this principle of strict construction with respect to the form of the claim of lien, by stating that the "claim *shall*

---

[1] OCGA § 44-14-361.1 was amended in 2008, and the amendments took effect on March 31, 2009. See OCGA § 44-14-361.1 note. Because the amendments affect lienholders' substantive rights, in that they, inter alia, modify the requirements for perfecting liens provided for in OCGA § 44-14-361, we conclude that the amendments do not apply retroactively. See *Browning v. Maytag Corp.*, 261 Ga. 20, 21 (401 SE2d 725) (1991).

*in substance* be as follows. . . ." (Emphasis supplied.) *L&W Supply Corp.*, supra, 197 Ga. App. at 681, 683. Thus, in *L&W Supply Corp.*, we held that a lien was not invalid when the claim of lien stated the last date material was delivered but did not specify a date when the claim was due, finding the last date material was delivered was equivalent to claim's due date. See id. at 682 ("The date specified was, for legal purposes, the equivalent of the due date.").

In reaching our holding in *L&W Supply Corp.*, we also relied on *J. H. Morris Bldg. Supplies v. Brown*, 245 Ga. 178 (264 SE2d 9) (1980), in which the Supreme Court of Georgia held that if a lien is timely filed and a subsequent action commenced on time, the claim of lien is still effective against the property owner despite the lienholder's failure to specify the amount *or* due date in the lien claim. Id. In *L&W Supply*, we concluded that the holding in *J. H. Morris* was not adversely affected by a subsequent change in the statute in 1983. Id. at 682-683.

Subsequently, in *Ga. North Contracting v. Haney & Haney Constr. &c. Corp.*, 204 Ga. App. 366 (419 SE2d 348) (1992), we considered whether three claims of lien were ineffective because they did not specify the date the claims were due but expressly provided that the claims were filed within three months of providing services and material for the improvement of real property. Relying on *L&W Supply Corp.* and *J. H. Morris*, we held that the claims of lien at issue were not ineffective for failing to specify a claim due date. Id. at 367-368 (1). We find no reason to depart from our prior holding in *Ga. North Contracting*, and, accordingly, we conclude that Vulcan's claim of lien complied "in substance" with the required form and that the trial court erred in granting summary judgment in Franklin's favor.

For the reasons set forth above, the trial court's order granting summary judgment in favor of Franklin is reversed.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MAY 26, 2009.

*Hays & Potter, Bernard E. Potter*, for appellant.
*James J. Hopkins*, for appellee.