## A11A0428. MADISON RETAIL SUWANEE, LLC et al. v. ORION ENTERPRISES SALES & SERVICE, INC.

(711 SE2d 71)

MIKELL, Judge.

Orion Enterprises Sales and Service, Inc. d/b/a Orion Access Control ("Orion") sued Madison Retail Suwanee, LLC ("Madison"), and Platte River Insurance Company ("Platte") to recover under a lien discharge bond for monies allegedly owed for materials, services, and labor Orion supplied to a construction project. The trial court granted summary judgment to Orion. Madison and Platte appeal, but have shown no error. We affirm.

"To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law."[1] "We review de novo a trial court's grant of summary judgment, construing the evidence in a light most favorable to the nonmoving party."[2]

So construed, the evidence reflects that, pursuant to a Subcontract Agreement dated March 17, 2006, Orion served as subcontractor to Cannon/Estapa General Contractors, Inc. ("Cannon"), supplying labor, materials, and services to real property owned by Madison (the "property"). Cannon subsequently abandoned the job and refused payment to Orion. According to the affidavit of Michael J. White, Orion's vice president, Orion furnished labor, materials, and services to the property from March 17, 2006, through December 11, 2006, successfully fulfilling its obligations under the Subcontract Agreement. When Orion's final invoice for $25,851.05 was not paid by Cannon or Madison, Orion recorded a claim of lien against the property on February 12, 2007. Madison, as principal, and Platte, as surety, subsequently recorded a bond to discharge the lien.[3] On November 21, 2007, Orion filed the underlying action against Cannon, Madison, and Platte, seeking in Count 6 of the Complaint to recover under the discharge bond against Madison and Platte. Orion obtained a default judgment against Cannon on April 14, 2008. Subsequently, Orion moved for summary judgment against Madison and Platte. The trial court granted Orion's motion for summary judgment as to recovery under the discharge bond, and Madison and Platte appeal.[4]

1. Appellants contend that the trial court erred in granting

---

[1] *Latson v. Boaz*, 278 Ga. 113 (598 SE2d 485) (2004), citing OCGA § 9-11-56 (c).

[2] (Citation omitted.) Id.

[3] See OCGA § 44-14-364.

[4] The trial court denied Orion's motion for summary judgment as to its claim for breach of contract against Madison, and this issue is not before us on appeal.

summary judgment to Orion because Orion failed to comply with the statutory requirement found in OCGA § 44-14-361.1 (a) (2), that upon filing for record of the claim of lien, the lien claimant must send a copy of the claim of lien to the owner of the property. Because we conclude that Orion complied with the copy requirement of OCGA § 44-14-361.1 (a) (2), we find this enumeration of error to be without merit.

Under Georgia's "detailed statutory scheme for regulating liens filed by materialmen who furnish supplies and materials for building, repairing, or improving property . . . , a materialman must comply with the provisions of OCGA § 44-14-361.1 (a) in order to 'make good' his lien."[5] Under the statute as in effect when Orion filed its claim of lien,[6] the materialman was required (among other things) to file a claim of lien with the clerk of the superior court of the county where the property is located,

> [which] claim shall be *in substance* as follows: "A. B., [the materialman or other claimant], claims a lien in the amount of (specify the amount claimed) on the . . . real estate . . . of C. D. (describing the . . . real estate . . .), for satisfaction of a claim which became due on (specify the date the claim was due) for building, repairing, improving, or furnishing material (or whatever the claim may be)."[7]

The statute further required the lien claimant to "send a true and accurate copy of the claim of lien . . . to the owner of the property."[8]

Appellants point out that the claim of lien Orion filed with the clerk differs in certain respects from the copy of the claim of lien which Orion supplied to Madison. On the claim of lien filed with the clerk, a hand-written line states: "Owned by Madison Retail Suwannee [sic], LLC." On the copy supplied to Madison, however, the word "Retail" is omitted, and the hand-written line reads: "Owned by Madison Suwannee [sic] LLC."

Relying on *Phillips, Inc. v. Historic Properties of America*,[9] appellants argue that, because of the omission of the word "Retail," the copy of the claim of lien sent to Madison did not constitute a "copy" in compliance with the statute. However, appellants' argu-

---

[5] (Punctuation and footnotes omitted.) *Gen. Elec. Co. v. North Point Ministries*, 289 Ga. App. 382, 383 (657 SE2d 297) (2008).

[6] The 2008 amendments to OCGA § 44-14-361.1, which became effective on March 31, 2009, do not apply retroactively. *Vulcan Constr. Materials v. Franklin Builders Properties*, 298 Ga. App. 120, 122, n. 1 (679 SE2d 356) (2009).

[7] (Emphasis supplied.) OCGA § 44-14-361.1 (a) (2) (2008).

[8] Id.

[9] 260 Ga. App. 886 (581 SE2d 389) (2003).

ment fails. In *Phillips*, we held that the lien claimant failed to preserve his lien because it transmitted the copy of its claim of lien to the property owner by facsimile, a method of delivery not authorized by the statute.[10] Thus, *Phillips* does not address the issue in the case before us: whether the copy itself was adequate.

The *Phillips* decision does, however, shed light on the purpose of the claim of lien provisions found in OCGA § 44-14-361.1 (a) (2). The Court ruled that "the inherent unreliability of service via facsimile *does not serve the purpose of ensuring that the owner timely receives notice of a lien*."[11] In the case before us, by contrast, the copy of the claim of lien sent to Madison by Orion clearly "served the purpose of ensuring that the owner timely receive[d] notice" of Orion's lien, even though one word of Madison's name was omitted.

We recognize that the statutes regarding materialman's liens are to be construed in favor of the property owner and against the materialman; and that the lien claimant must show strict compliance with the statute before a materialman's lien can be allowed.[12] We have also noted, however, that with respect to the form of the claim of lien, this principle of strict construction is tempered by OCGA § 44-14-361.1 (a) (2), which requires the form of the claim of lien to be *"in substance"* as set forth in the statute.[13] Thus, this Court has ruled that a claim of lien which did not "specify the date the claim was due" as provided in OCGA § 44-14-361.1 (a) (2) nonetheless complied "in substance" with the form provided in that statute.[14] Similarly, we have ruled that a claim of lien was sufficient even though the property description set forth therein contained an incorrect plat book page number.[15]

In light of these decisions, we conclude that Orion's claim of lien was not ineffective by reason of the slight variance to be found in the copy supplied to Madison.

2. Appellants contend that Orion's lien is invalid because of the variance between the party which executed the Subcontract Agreement and the party which filed the claim of lien. We disagree.

The Subcontract Agreement was executed as follows: "Orion

---

[10] Id. at 886-887. See OCGA § 44-14-361.1 (a) (2) (2008) (lien claimant required to provide owner with copy of claim of lien "by registered or certified mail or statutory overnight delivery").

[11] (Punctuation omitted; emphasis supplied.) Id. at 887.

[12] *Kendall Supply v. Pearson Communities*, 285 Ga. App. 863, 865 (648 SE2d 158) (2007).

[13] *Vulcan Constr. Materials*, supra at 122-123.

[14] Id. at 123, citing *J. H. Morris Bldg. Supplies v. Brown*, 245 Ga. 178, 179 (264 SE2d 9) (1980); *Ga. North Contracting v. Haney & Haney Constr. &c. Corp.*, 204 Ga. App. 366, 367-368 (1) (a) (419 SE2d 348) (1992); and *L & W Supply Corp. v. Whaley Constr. Co.*, 197 Ga. App. 680, 682 (399 SE2d 272) (1990).

[15] *Grubb v. Woodglenn Properties*, 220 Ga. App. 902, 905 (4) (470 SE2d 455) (1996).

Access Control ("Subcontractor") By: /s/Michael J. White . . . Title: V. P." White testified in his affidavit that "Orion Enterprises Sales and Svc., Inc. d/b/a Orion Access Control" furnished labor, services, and materials used in the improvements on the property. Invoices for this work were submitted in the name of "Orion Access Control." Madison has presented no evidence that the entity supplying the materials was any other than Orion. On the claim of lien, the materialman's name is listed first as "Orion Enterprises Sales and Svc., Inc." and then repeated as "Orion Enterprises Sales & Svc., Inc. . . . D.B.A. Orion Access Control." It is this entity which filed suit against the general contractor, Cannon, and appellants Madison and Platte.

Appellants argue that Orion failed to register "Orion Access Control" as a trade name, and therefore Orion cannot file a claim of lien for work done under a contract executed in the name of "Orion Access Control." However, whether the trade name was properly registered or not does not have any impact on the issue at hand. Orion fulfilled its obligations under the Subcontract Agreement with Cannon, the general contractor; Orion filed its claim of lien for work it had performed and for which it had not been paid; and Orion brought the underlying action against Cannon and appellants on the lien bond. Thus, the trial court did not err in determining that Orion was the proper party to enforce the lien, and therefore had authority to sue under the bond.

Appellants' reliance on *Ga. North Contracting*,[16] *Latham Plumbing & Heating Co. v. Ledbetter Trucks*,[17] and *Nix v. Luke*[18] is misplaced. In those cases, the party seeking to enforce the lien was not the same party which filed the claim of lien. In *Ga. North Contracting*, a claim of lien filed by an individual could not be enforced by an action brought by the corporation that was in privity of contract with the owner of the real estate. In that case the individual lien claimant had no standing to assert lien rights, and the lien was found to be unenforceable.[19] Similarly, in *Latham Plumbing*, because the contract and the claim of lien were executed by an individual, the lien could not be enforced by an action brought by the corporation of which the individual was an officer.[20] Lastly, in *Nix*, where the claim of lien was filed in the name of a corporation, it was not enforceable in an action brought by an individual.[21] In the case at bar, on the

---

[16] Supra.

[17] 96 Ga. App. 219 (99 SE2d 545) (1957).

[18] 96 Ga. App. 123 (99 SE2d 446) (1957).

[19] *Ga. North Contracting*, supra at 368 (2).

[20] *Latham Plumbing*, supra at 220-221.

[21] *Nix*, supra at 127 (3).

other hand, the corporate plaintiff seeks to recover under the bond on a lien which it filed for work it performed. The trial court did not err in determining that Orion's claim of lien was not unenforceable on this ground.

3. Appellants argue that Orion failed to comply with the lien statute in filing a concurrent action against Cannon on the underlying contract and against Madison and Platte on the discharge bond. We disagree.

In order to perfect a lien, after filing the claim of lien for record and sending a copy thereof to the property owner, the lien claimant must "commence an action against the contractor to recover the amount of the claim within 12 months of when the claim became due."[22] Only under certain circumstances, listed in OCGA § 44-14-361.1 (a) (4), is the materialman permitted "to bring an action directly against the property owner to enforce the lien against the property without 'filing an action or obtaining judgment against the contractor . . . as a prerequisite to enforcing a lien against the property.' "[23] In the case before us, the concurrent action filed by Orion against Cannon and appellants is permitted by this Court's decision in *West Lumber Co. v. Aderhold.*[24] In that case, we determined that the lien claimant's action against the contractor and its action against the property owner to enforce the lien could be brought concurrently and could be combined in the same petition.[25] *West Lumber Co.* is controlling on this issue. Appellants invite us to overrule this decision. We decline to do so. Appellants' enumerated error fails.

4. In their fourth enumeration of error, appellants ask us to rule on an issue not ruled on by the trial court. On November 23, 2009, the trial court heard oral argument on Orion's motion for summary judgment, and the court's order granting summary judgment was entered on February 2, 2010. On February 18, 2010, appellants filed an "emergency motion" for reconsideration, attaching the amended affidavit of William E. Allen, a Madison member. In their motion, appellants argued, inter alia, that the amended Allen affidavit corrected a "typographical error" contained in his original affidavit and, therefore, raised a material issue of fact as to the issue of the timeliness of Orion's filing of its claim of lien.[26]

---

[22] (Footnote omitted.) *Few v. Capitol Materials*, 274 Ga. 784-785 (1) (559 SE2d 429) (2002). See OCGA § 44-14-361.1 (a) (1)-(3) (2008).

[23] (Punctuation omitted.) *Few*, supra at 785 (1), quoting OCGA § 44-14-361.1 (a) (4).

[24] 90 Ga. App. 255 (82 SE2d 670) (1954).

[25] Id. at 256.

[26] Allen's original affidavit asserted that "Madison denies that Plaintiff [Orion] provided lienable materials or labor to the project after November 11, 2007 and demands strict proof

However, appellants failed to obtain a ruling from the trial court on their motion for reconsideration, as appellants filed their notice of appeal on March 1, 2010, before the trial court issued a ruling on the motion. "Without an order of the trial judge ruling either for or against [appellants'] motion, there is nothing for this [C]ourt to pass on in that respect."[27] It is well established that this Court "may not address issues on appeal which were not addressed by the trial court,"[28] because "[t]his [C]ourt is a court for the correction of errors and it does not consider matters which were not raised and ruled on by the trial court."[29] This enumeration of error presents nothing for our review.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED MAY 6, 2011 —
RECONSIDERATION DENIED JUNE 1, 2011.

*Stone & Bellus, Freddie R. Stone, Jr., John E. Bellus, Jr.,* for appellants.

*L. Matt Wilson,* for appellee.

---

thereof." His amended affidavit changed the date to "November 11, 2006."

[27] (Citations and punctuation omitted.) *Hipple v. Simpson Paper Co.,* 234 Ga. App. 516, 517 (2) (507 SE2d 156) (1998). Accord *Allen v. Santana,* 303 Ga. App. 844, 847-848 (3) (695 SE2d 314) (2010) (appellate review waived where appellant failed to invoke ruling on motion to dismiss).

[28] (Citations omitted.) *Hipple,* supra.

[29] (Citation omitted.) *Parker v. Silviano,* 284 Ga. App. 278, 280 (1), n. 3 (643 SE2d 819) (2007). Accord *SAKS Assocs. v. Southeast Culvert,* 282 Ga. App. 359, 365 (3) (638 SE2d 799) (2006), citing *Rowe v. Fleet Mtg. Corp.,* 226 Ga. App. 593, 594-595 (3) (487 SE2d 133) (1997).