43581.   LEVY v. G. E. C. CORPORATION et al.

SUBMITTED APRIL 1, 1968—DECIDED APRIL 22, 1968.

*Heyman & Sizemore, Wm. H. Major, Maurice N. Maloof,* for appellant.

*Joseph S. Crespi, C. W. Milam,* for appellees.

EBERHARDT, Judge. ■ Appellees assert that since there has been no disposition of Counts 2 and 3 of the petition and these are still pending in the trial court, the appeal must be dismissed because of the lack of a final judgment.

Were is not for the provisions of *Code Ann.* § 81A-156(h), providing for an appeal from the grant of a summary judgment on *any issue,* or as to any party, we should agree. In this connection see *McLeod v. Westmoreland,* 117 Ga. App. 659.

We do not favor partial or piecemeal appeals of cases. It has long been the policy of our law that this was not to be permitted. However, it is within the province of the General Assembly to make or change public policy, and when it has done so, we have no option but to follow.

The motion to dismiss is denied.

■ Pretermitting the matter of whether the plans, drawings, sketches, specifications, etc., being preliminary in nature, are such as are contemplated by *Code Ann.* §§ 67-2001, 67-2002, for which an architect may claim or assert a lien, we move to the matter of whether the claim was filed within the time required.

Under Mr. Levy's own testimony, as well as his pleadings, he

supplied the plans, etc., *in the fall of 1966*. Fall ends and winter begins at the close of the third week of each December. Consequently, the latest that the plans could have been furnished was December 22, 1966. The claim for lien was not filed until June 14, 1967, which is more than three months from the last possible date of furnishing.

It is urged that since the defendants did not begin construction on their improvement, and thus did not begin use of the plans for that purpose until about the first of May 1967, the filing of the claim was in ample time. We cannot agree. Neither the beginning nor the ending of construction controls the time when the claim of lien for furnishing plans for the improvement of the real estate must be filed. While we find no decision as to when this must be done by an architect, we perceive no difference in the requirement as to him and that as to one who has furnished materials for improving the land.

As to the latter it is settled that the claim of lien must be filed "within three months from the date on which he completed delivery of the materials furnished." *Jones v. Kern,* 101 Ga. 309 (28 SE 850); *Calhoun Brick Co. v. Pattillo Lumber Co.,* 10 Ga. App. 181 (73 SE 23); *Pippin v. Owens,* 29 Ga. App. 789 (2) (116 SE 549); *Crane Co. v. Hirsch,* 61 Ga. App. 632 (7 SE2d 83); *Hill v. Dealers Supply Co.,* 103 Ga. App. 846 (120 SE2d 879).

Since the claim for lien was not timely filed, we do not reach the question of whether suit was timely instituted for foreclosing the lien.

The grant of the summary judgment was proper.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*