### 50889. MABLETON ERECTORS, INC. v. DUNN PROPERTIES OF GEORGIA, INC.

BELL, Chief Judge.

The issue here is whether a crane leased to a contractor engaged in improving realty with a two man crew, an operator and an oiler, is a lienable item under Code Ann. § 67-2001. We have held that the equipment or machinery rented or leased to a contractor used in performing his work are non-lienable. *Air Service Co. v. Cosmo Investments,* 115 Ga. App. 596 (155 SE2d 413); *D. H. Overmyer &c. Co. v. W. C. Cage & Co.,* 116 Ga. App. 128 (157 SE2d 68); *Sears, Roebuck & Co. v. Superior &c. Co.,* 120 Ga. App. 412 (170 SE2d 721). Plaintiff in answering interrogatories admitted that the crane and

the two man crew are inseparable; that it was rented on an hourly basis which included the operating personnel; and the crane was never rented without the crew.

The plaintiff contends that the supplying labor with the crane was merely an extension of labor and therefore lienable. This is not tenable. The labor furnished with the crane under the admitted facts that it is inseparable clearly shows that the crew is merely an operating part of the machine as much as any mechanical operating part. Plaintiff's claim is not for the value of labor but for the rental value of the crane. The grant of a summary judgment to defendant in this lien foreclosure suit was proper.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JUNE 17, 1975 — DECIDED JULY 16, 1975.

*Charles M. Lipman,* for appellant.

*Gerstein, Carter & Chesnut, Michael J. King,* for appellee.