## 58112. PACIFIC SOUTHERN MORTGAGE TRUST et al. v. MELTON.

QUILLIAN, Presiding Judge.

In 1972 plaintiff Melton contracted with National Community Builders (NCB), a California land development corporation, to improve real property in Fulton County. NCB ceased work on this property early in 1974 and plaintiff filed a materialman's lien against the land comprising this development known as Summertree. NCB subsequently entered into a Chapter XI bankruptcy proceeding and plaintiff filed a claim therein for the amount of the lien on Summertree, another Cobb County project with NCB, and interest on the unpaid amounts. The plaintiff's claim was allowed as an unsecured claim since NCB, unknown to plaintiff, had transferred the property to another corporation which had gone into bankruptcy and the property was ultimately transferred, in part, to the present defendant, Pacific Southern Mortgage Trust. Plaintiff Melton brought this in rem action to foreclose his materialman's lien against the property. Defendants appeal from judgment for the plaintiff. *Held:*

The defendant alleges that the lien was not timely filed since the only work done on the contract which was within the 90-day time limit for filing was not a lienable item of work or material. We agree. The last item charged under all of the contracts was on December 14, 1973, for Account Number "151-111 Fine Pad Grade 12 1/2 hrs. $22.50 $281.25." Defendants argue that under *Sears, Roebuck & Co. v. Superior Rigging &c. Co.,* 120 Ga. App. 412 (170 SE2d 721), we held that "charges made for the use of equipment were nonlienable items. Thus, the rental of the loader [equipment plus labor] in [this contract] was nonlienable, and no other lienable work was done within the three-month period preceding the filing of the materialman's lien." Defendant is correct. *Sears,* 414, supra, held that "charges made by the [contractor] for *use of equipment* (welding machines, cranes, etc.) were nonlienable items . . ."

The states are divided as to the test to apply to determine lienability of use of furnished "tools," "appliances," or "machinery." Annot. 3 ALR3d 573, 578, § 3. However, since the right to acquire and enforce mechanics' and materialmen's liens is statutory, the issue of lienability rests largely upon construction of the statute. Annot. 39 ALR2d pp. 866, 867, § 2. Our statute (excluding the 1978 amendment, not applicable here) provides for a lien "for work done and material furnished in building, repairing, or improving any real estate . . ." Code Ann. § 67-2001 (Code § 67-2001, as amended through 1956, pp. 562, 565.) As mechanics' and materialmen's liens under Code Ann. Chap. 67-20 are in derogation of common law, they are to be strictly construed against the mechanic and materialman and will be "extended no further than its words plainly import." *Oglethorpe Savings &c. Co. v. Morgan,* 149 Ga. 787, 792 (102 SE 528). The materialman has the burden of proving his lien (*D. H. Overmyer &c. Co. v. W. C. Caye & Co.,* 116 Ga. App. 128, 132 (157 SE2d 68)) and "must bring himself clearly within the law." *Hawkins v. Chambliss,* 116 Ga. 813, 814 (43 SE 55).

The statute extends the right of lien for "work done and material furnished . . ." The "terms 'mechanics' and 'laborers' have been identified as individuals actually performing manual work, a mechanic being a person skilled in the use of tools and a laborer being one who is unskilled or untrained." Hinkel, Mechanics' and Materialmen's Liens 24, § 4-2. "Material" has been defined as "something that goes into and becomes a part of the finished structure, such as lumber, nails, glass, hardware, etc., which is necessary to the completion of the building, — the object of the lien statutes being to secure a lien for that which goes into the structure." *D. H. Overmyer &c. Co. v. W. C. Caye & Co.,* 116 Ga. App. 128, 130, supra.

Our Supreme Court held in *J. S. Schofield &c. v. Stout, Mills & Temple,* 59 Ga. 537, that "Machinists, and manufacturers of machinery, have no lien on real estate for machinery furnished, unless the machinery furnished is attached to, and becomes incorporated with, the realty for which it was furnished." Thus, this court held in *Air Service Co. v. Cosmo Investments,* 115 Ga. App. 596 (155

SE2d 413), in a similar situation: "Giving the statute a strict construction as we must (*Green v. Farrar Lumber Co.,* 119 Ga. 30 (46 SE 62)), we are inclined to conclude both that a mere lessor of machinery to a contractor does not come within the class in favor of whom the lien is granted, nor does the machinery itself, not being something in the order of a steam mill or other mechanical device intended to be attached to and used on the realty, meet the criterion under the rule of ejusdem generis."

Further, in *Sears, Roebuck & Co. v. Superior Rigging &c. Co.,* 120 Ga. App. 412, 414, supra, we concluded that "all charges made by Superior for *use of equipment* (welding machines, cranes, etc.) were nonlienable items . . ." Finally, in *Mableton Erectors v. Dunn Properties of Ga.,* 135 Ga. App. 504 (218 SE2d 175), we found that lease of a crane with a two-man crew was not a lienable item because the "crane and the two man crew are inseparable; that *it was rented on an hourly basis which included the operating personnel . . .*" (Emphasis supplied.) In the instant case the contract executed July 31, Addendum No. 1 shows:

| Account # | Description | Quantity | Unit Price | Total |
|---|---|---|---|---|
| 151-111 | Clearing and Grubbing (On Site and Off Site) | 12.1 acres | $55.00 | $6,655.00 |
| 151-111 | On Site and Off Site Grading | Aproximately 27,135 cu. yds. cut & fill | $.65 cu. yd. | $17,637.75 |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | | | |
| 151-111 | Fine Pad Grading | 0 | 995 Loader Operated $22.50 per hour | 0 |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | | | |

We note that the usual charges per category was for a total contract price, whereas the "Loader" was charged on an hourly basis and included operating personnel. Accordingly, the decision of *Mableton Erectors,* supra, is controlling that machinery "rented on an hourly basis which included the operation personnel" is a nonlienable item.

The December 14, 1973 charge for "Fine Pad

Grading" under Account No. 151-111 being nonlienable, the last charge for a lienable item was on November 1, 1973. The plantiff's lien not being filed until February 12, 1974, it was not within the 90-day statutory period and is not enforceable.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 7, 1979 — REHEARING DENIED OCTOBER 2, 1979 — ▮

*Andrew J. Hinton, John A. Howard,* for appellants.
*Fred W. Minter,* for appellee.