## 36754. DURHAM et al. v. MARCHMAN.

HILL, Justice.

This case involves reformation of a deed and raises the question of whether res judicata bars reformation of a deed made after judgment in the former case. We find it does not and reverse the summary judgment granted below.[1]

This dispute involves a twenty-five acre tract of land in Douglas County purchased in 1941 by J. T. Parker. Parker conveyed a one-half interest in the tract to his wife, Annie Mae Parker, in 1949. The following year, Mr. and Mrs. Parker sold one acre of this property to Lois and James Durham, Mr. Parker's sister and her husband, and the Durhams moved onto the one-acre tract and have lived there since.

In 1970, Annie Mae Parker conveyed her one-half interest in the 25-acre tract to her daughter, the defendant (Louise Marchman), reserving a life estate. Mrs. Parker died in 1971. Mr. Parker moved in with the Durhams after his wife died and he conveyed the 25-acre tract to Mrs. Durham before he died later that year.

The following year Lois Durham filed suit against the defendant in Douglas County. She sought an accounting for rents collected by defendant on the 25-acre tract, for an injunction from interference with her possession and use of the property and for $10,000 damages for defendant's previous interference with her use and enjoyment of the realty. Relying on the deed from her mother, the defendant denied any interference and counterclaimed for cancellation of Lois Durham's deed from J. T. Parker on the ground that he had been incompetent to make the deed at the time.

On May 26, 1978, the Douglas County Superior Court found that J. T. Parker had been competent to deed his half-interest in the realty to Lois Durham. The court concluded as a matter of law that Mrs.

---

[1]As in all cases in which res judicata is an issue, there are two cases involved here, the first being in Douglas County and the second being in Carroll County where the defendant resides. Fortunately, the defendant, Louise Marchman, was the defendant in both cases and plaintiff Lois Durham was plaintiff in both. James Durham is a plaintiff in the second case but was not a party in the first case.

Durham had an undivided one-half interest in the Parker property and awarded her court costs and $10.00 as damages.

On the day that the trial court issued its ruling, the parties settled their dispute. Defendant gave plaintiff Lois Durham a check for $5,000 which was cashed that day, and Mrs. Durham transferred by warranty deed to the defendant her interest in the property purchased by J. T. Parker in 1941. Although the deed refers to the Douglas County court order, the deed was not made a part of that court order or recognized by that court in any way. This deed referred to the entire 25-acre tract (and therefore it included the one-acre tract which Mrs. Durham and her husband had owned for more than twenty-five years). James Durham, the co-owner of the one-acre tract, did not participate in the conveyance.

The Durhams contend that the one-acre tract was included in the deed by mistake, accident and contrary to the settlement agreement, and that the $5,000 consideration was paid only to settle the interests in the twenty-four acres actually conveyed by the deeds of Mr. and Mrs. Parker shortly before their deaths. They note that the mistake was first discovered when defendant's counsel wrote an eviction letter. When contacted, however, this attorney allegedly said the letter was a "joke" and that he would have his client sign a quitclaim deed to transfer the one-acre lot back to the Durhams. When no quitclaim deed was forthcoming, Mr. and Mrs. Durham sued the defendant in Carroll County for reformation of the 1978 settlement deed.

Both sides moved for summary judgment, with the defendant contending that the $5,000 check was consideration for the transfer of all the tract originally purchased by J. T. Parker in 1941, including the Durhams' one-acre home place, and that the Douglas County judgment is res judicata. The Carroll County Superior Court granted the defendant's motion for summary judgment and denied the plaintiffs' motion. Plaintiffs appeal. We reverse in part and affirm in part.

1. Plaintiffs contend the Douglas County judgment was not res judicata on the issue of reformation of this deed. We agree. Notwithstanding the adjudication of the Douglas County court that Mrs. Durham owned a one-half interest in the entire 25 acres, res judicata does not bar reformation of a deed made after the judgment relied upon as being res judicata. The Douglas County court did not adjudicate and could not have adjudicated, the issue as to whether there was a mistake in the deed. Code Ann. § 110-501. See *Sumner v. Sumner,* 186 Ga. 390 (197 SE 833) (1938). This action for reformation is not barred by res judicata or estoppel by judgment. Plaintiffs' affidavits, discussed below, preclude the grant of summary judgment

to the defendant on the merits. Thus, the trial court erred in granting summary judgment to the defendant.

2. Plaintiffs contend that the trial court erred in denying their motion for summary judgment. We disagree. Plaintiffs' affidavits and an affidavit from their attorney state that the 1978 deed in dispute properly should have included only the twenty-four acres owned by the Parkers shortly before their deaths and that the one-acre tract was included in the deed from Mrs. Durham by mistake. Pretermitting the question of whether the 1978 deed itself would preclude reformation on summary judgment, defendant's affidavit states in effect that the parties settled their Douglas County dispute by an agreement that she pay Mrs. Durham $5,000 for her interest in the property involved in the Douglas County case, that is to say, the 25 acres purchased by J. T. Parker in 1941. The conflicting affidavits present material issues of fact for determination at trial. Code Ann. § 81A-156 (c). The trial court properly denied plaintiffs' motion for summary judgment.

*Judgment reversed in part; affirmed in part. All the Justices concur.*

ARGUED OCTOBER 15, 1980 — DECIDED NOVEMBER 5, 1980.

*M. E. Thompson, Jr., John E. Feagin, Jr.,* for appellants.
*T. Christopher Pyles,* for appellee.