67668. CUMBERLAND BRIDGE ASSOCIATES, LTD. et al. v. BUILDERS STEEL SUPPLY, INC.

BIRDSONG, Judge.
This appeal raises a single issue in connection with the enforceability of a labor and materials lien (OCGA § 44-14-361.(a) (2)

(Code Ann. § 67-2001)) against the appellants/property owners. After trial before a jury, a verdict was returned in favor of appellee against appellants on appellee's lien. All of appellants' enumerations of error relate to the issue of whether appellee timely filed its lien "within three months after the completion of the work. . . ." OCGA § 44-14-362 (2) (Code Ann. § 67-2002). The evidence at trial demonstrated that appellee was scheduled to complete its work on the subject construction project on March 28, 1981, and that it did complete most of its work pursuant 'to the contract by that date. However, the evidence further demonstrated that appellee returned to the construction site on April 21, 1981, to perform some repair work and to perform some minor installation. The latter work was separately invoiced but appellee charged nothing extra for the work. Appellee's president testified that this work was contemplated by the original contract and was work that was simply not completed as of March 28, 1981. Appellants contend that the contract work was completed, within the meaning of OCGA § 44-14-362 (2) (Code Ann. § 67-2002), on March 28, 1981. Appellee filed its lien on July 14, 1981.

"Neither the beginning nor the ending of construction controls the time when the claim of lien for furnishing [labor and materials] for the improvement of . . . real estate must be filed." *Levy v. G. E. C. Corp.*, 117 Ga. App. 673, 677 (161 SE2d 339). As to liens for either labor or materials furnished, the claim of lien must be filed within three months from the date on which the last service was furnished or materials supplied. Id. The evidence in this case clearly provides a sufficient basis upon which the jury could conclude that the last services and materials pursuant to the contract between appellee and appellants' contractor were furnished on April 21, 1981. Accordingly, the jury was authorized in concluding that the lien was filed within the 90-day statutory time limitation. As the jury's verdict is amply supported by the evidence on this issue, it will not be disturbed by this court on appeal and the trial court did not err in denying appellants' motion for directed verdict and judgment notwithstanding the verdict.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs specially.*

DECIDED FEBRUARY 23, 1984.

*Danny C. Bailey,* for appellants.
*Grover C. Bailey,* for appellee.

CARLEY, Judge, concurring specially.

I agree with the majority that the jury was authorized to find from the evidence that the claim of lien was filed within three months of the date of the completion of the work under the contract. However, I do not believe that the language from *Levy v. G. E. C. Corp.,* 117 Ga. App. 673, 677 (161 SE2d 339) (1968) quoted by the majority is applicable to this case. The majority quotes *Levy* as follows: " 'Neither the beginning nor the ending of construction controls the time when the claim of lien for furnishing [labor and materials] for the improvement of . . . real estate must be filed.' *Levy v. G. E. C. Corp.,* [supra]" *Levy* did not involve the furnishing of labor or materials but rather dealt with a claim of lien filed in connection with the furnishing of architectural plans to be used in the construction of certain improvements. In finding that the claim was not timely filed, this court rejected the plaintiff-architect's contention that "[s]ince the defendants did not begin construction on their improvement, and thus did not begin the use of the plans for that purpose until about the first of May, 1967, the filing of the claim was in ample time." It is in connection with that set of factual circumstances that this court went on to hold that "[n]either the beginning nor the ending of construction controls the time when the claim of lien *for furnishing plans for the improvement of the real estate* must be filed." (Emphasis supplied.) *Levy v. G. E. C. Corp.,* supra, 677. Thus, in a case such as the one at bar, involving the furnishing of labor and materials, the date of completion of the construction under the contract is important and, I submit, *Levy* has no application.