72751. SPICEWOOD, INC. v. FERRO PIPELINE
COMPANY, INC.
(351 SE2d 711)

BENHAM, Judge.

Appellant Spicewood entered into a contract with Dykes Paving & Construction, with the latter agreeing to furnish the labor, equipment and material necessary to do the paving, curbing, guttering, clearing, grading and erosion control, and to install the sanitary sewers, storm sewers, and waterlines at Spicewood's Cobb County townhouse project. Dykes contracted with Ferro Grading Company to clear and grade the land and to install the sewers and waterlines. Ferro Grading then contracted with appellant Ferro Pipeline for the installation of the sewers and waterlines. On April 8, 1982, Ferro Pipeline filed a claim of lien against the property in the amount of $16,884.22 in the Superior Court of Cobb County. See OCGA § 44-14-361.1 (a) (2). Appellee subsequently filed suit in DeKalb County against Ferro Grading, alleging it was owed $16,844.22 for the work it had done on the Spicewood project. Appellee obtained a judgment against Ferro Grading for $16,844.22 but was unable to satisfy the judgment. In late 1982, appellee filed the instant action, seeking to impress a special lien in the amount of $16,844.22 upon appellant's property. A jury trial resulted in a verdict impressing the special lien sought. Asserting error in the denial of its motions for new trial and for judgment notwithstanding the verdict as well as in the admission of certain testimony and the exclusion of certain jury charges it requested, appellant brought the present appeal.

1. Both of appellant's post-judgment motions contend, among other things, that appellee's claim of lien was not timely filed. To make good the special lien, the party claiming the lien must, among other things, substantially comply with his contract and file for record on his claim of lien "within three months after the completion of the work. . . ." OCGA § 44-14-361.1 (a) (formerly OCGA § 44-14-362 (1-3)). There was evidence at trial that appellee completed the work for

which it sought the lien on March 2, 1982. The claim of lien was filed on April 8, 1982. "As to liens for either labor or materials furnished, the claim of lien must be filed within three months from the date on which the last service was furnished or materials supplied [Cit.] The evidence in this case clearly provides a sufficient basis upon which the jury could conclude that the last services and materials pursuant to the contract between appellee and appellants' [subcontractor] were furnished on [March 2, 1982]. Accordingly, the jury was authorized in concluding that the lien was filed within the 90-day statutory time limitation." *Cumberland &c. Assoc. v. Builders &c., Inc.*, 169 Ga. App. 945, 946 (315 SE2d 484) (1984). The trial court did not err in denying appellant's motions for new trial and for judgment notwithstanding the verdict.

2. Citing OCGA § 44-14-361 (b) (1982), appellant requested that a jury charge be given to the effect that appellee was not entitled to a lien against appellant's property, because the Code section expressly excluded a subcontractor from claiming a lien. The statute does not exclude a subcontractor from claiming a lien; rather, it limits the entities to which the owner of the real property may turn to establish as a defense that the agreed price or reasonable value thereof has been paid. A subcontractor is entitled to establish a lien. OCGA § 44-14-361 (a) (2); *Sasser & Co. v. Griffin*, 133 Ga. App. 83, 85 (210 SE2d 34) (1974). It was not error to refuse to give the charge requested.

3. Appellant next takes issue with the admission into evidence of the claim of lien filed by appellee on April 8, 1982, in Cobb County, and a copy of the complaint filed against Ferro Grading by appellee in August 1982 in DeKalb County. Inasmuch as the filing of a claim of lien within a time certain and the commencement of a lawsuit against one's contractor within a time certain are necessary prerequisites in order for the claimant "to make good the lien," it was not error to admit the exhibits in question. See OCGA § 44-14-362 (2, 3) (1982).

4. Finally, appellant seeks the reversal of the denial of its motion for directed verdict on the ground that appellee never proved it obtained a judgment against the contractor with whom it dealt, Ferro Grading. Appellant contends appellee's Exhibit 7 was never admitted, and thus no proper proof of a judgment was admitted into evidence. A review of the record shows the questioned exhibit was admitted and refutes appellant's assertion and enumeration of error.

5. The remaining enumerations of error concern the trial court's refusal to give certain charges requested by appellant. We have reviewed the instructions given and the refused requests and find no error on the part of the trial court. See OCGA § 44-14-361 (a) (2); *Jones Mercantile Co. v. Lyn-Har, Inc.*, 245 Ga. 812 (267 SE2d 251) (1980); *C. E. Self & Son v. Jerome*, 161 Ga. App. 456 (288 SE2d 359) (1982). See also *Arrington v. Andrews*, 152 Ga. App. 572 (2) (263

SE2d 491) (1979).
*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 3, 1986 —
REHEARING DENIED DECEMBER 16, 1986 — 

*Neil L. Heimanson*, for appellant.
*Ernest J. Nelson, Jr., Robert H. Stringer*, for appellee.