A91A0043, A91A0738. WOMACK INDUSTRIES, INC. v. B & A EQUIPMENT COMPANY.
(405 SE2d 880)

BIRDSONG, Presiding Judge.

These are appeals from a judgment and amended judgment entered upon a jury's finding that the lien filed by B & A Equipment Company is valid for having been filed "within three months after the completion of the work" pursuant to OCGA § 44-14-361.1 (a) (2), as amended. *Held*:

1. We reverse the lien judgments. The evidence shows that B & A Equipment, a subcontractor for installation of a water system, storm drains and sewers on appellant Womack Industries' project, declared the work "substantially complete" on December 15, 1987, a day after the work had been approved; and that B & A's employees last worked on the project (according to B & A) on February 27, 1988, or (according to Womack Industries) on January 11, 1988, the date B & A executed a "warranty."

B & A's lien was filed July 19, 1988. B & A's evidence showed that on April 21, B & A decided it could not determine whether its employees had turned on the fire hydrant valves before leaving the job on February 27. B & A does not suggest on appeal that Womack Industries raised any problem with the fire hydrant valves, or asked B & A to check on them, or suggested the valves had not been turned on; but according to B & A's witness, "there were some people that wasn't working with us at that time that we couldn't question, we didn't know if they did." Two B & A employees went to the job site and checked the fire hydrant valves. They discovered the valves were indeed turned on. They also removed some trash by hand from a drain grate.

B & A contends its acts on April 21 constituted work under the

contract, so that "completion of the work" did not take place before that date and the lien filed within three months of that date was valid. See OCGA § 44-14-361.1 (a) (2).

Construing the evidence most favorably to appellee and the verdict, in accordance with the rules governing directed verdicts (see OCGA § 9-11-50), we find that the evidence and all reasonable inferences therefrom *demand* a conclusion that B & A substantially completed its contract work on December 14, 1987, when the work was approved as substantially complete; or on January 11, 1988, when B & A gave its warranty; or in all events no later than February 27, the day B & A says its employees were last on the job.

B & A does not suggest that after its employees left the job in February, it had any reason to believe it had left undone any contract work, including turning on the fire hydrant valves. It simply contends the act of checking the valves was contract work because under its contract it was supposed to turn on the fire hydrant valves. But at best, B & A acts amount merely to going back to the job site some two or three months after the contract work was in fact completed, to see if there was any more work they could do "under the contract"; *and there was none.* In point of fact, the work had been completed. The fact that B & A removed some debris by hand from a storm drain does not amount to work towards completion of the contract, and B & A does not contend it was required to do such belated clean-up work under its contract. For all that appears the debris collected after the work was completed.

The scenario offered by B & A is that its contract did not end when it completed the work and turned on the valves, but could be extended indefinitely by its returning to the job site to "check" to see if it had turned on the valves and completed its work, even though it had declared that it had completed the contract and had executed a warranty. The fact that B & A did not charge appellant for this gratuitous inspection is not indicative that the contract work had not been completed. According to B & A's position, no contract would be "complete" until the contractor ran out of items to wonder about and check.

The intent of OCGA § 44-14-361.1 as to timely filing of liens is to establish a time certain beyond which liens cannot be filed, for the protection of the contracting parties and innocent third parties. The statute is in derogation of common law and is to be strictly construed against the materialman (*Pacific Southern Mtg. Trust v. Melton*, 151 Ga. App. 593, 594 (260 SE2d 910)), and strict compliance is required. *King v. Rutledge*, 208 Ga. 172 (65 SE2d 801). The statement in *Cumberland Bridge Assoc. v. Bldrs. Steel Supply*, 169 Ga. App. 945, 946 (315 SE2d 484) that "[n]either the beginning nor the ending of construction controls the time when the claim of lien . . . must be filed,"

quoted from *Levy v. G. E. C. Corp.*, 117 Ga. App. 673, 677 (161 SE2d 339), refers in *Levy* to an architect who supplied plans no later than December 1966, but did not file his lien until after construction on that project began in June 1967. The statement that the beginning or ending "of construction" does not control time for filing liens, in context, therefore refers to general construction of the project under the general construction contract, as opposed to the time the architect supplied labor or materials under his contract. See *Cumberland*, special concurrence at 947. The principal holding of *Cumberland*, approved also in *Spicewood, Inc. v. Ferro Pipeline Co.*, 181 Ga. App. 277, 278 (351 SE2d 711), is that "[a]s to liens for either labor or materials furnished, the claim of lien must be filed within three months from the date on which the last service was furnished or materials supplied." This principle controls this case. The evidence in this case *demands* a conclusion that *the work was completed and the water was in fact turned on* by February 27, well before B & A's employees went back to the site on April 21 to see if they had turned on the water. The trial court erred in failing to direct a verdict for Womack Industries.

2. The disposition of Case No. A91A0043, reversing the lien judgments, renders it unnecessary to consider Case No. A91A0738.

*Judgment in Case No. A91A0043 reversed; Case No. A91A0738 dismissed. Pope and Cooper, JJ., concur.*

### On Motion for Rehearing.

On motion for rehearing, appellee B & A Equipment Company contends that *Cumberland &c. Ltd. v. Builders Steel Supply*, 169 Ga. App. 945 (315 SE2d 484) is controlling precedent for this case. However, *Cumberland* is physical precedent only, according to Court of Appeals Rule 35 (b). In point of fact, the special concurrence in *Cumberland* raised the same concern about the language quoted from *Levy v. G. E. C. Corp.*, 117 Ga. App. 673, 677 (161 SE2d 339), which we clarify in our opinion in this case.

In the *Cumberland* case, the entire panel agreed that the evidence provided a sufficient basis upon which the jury could conclude that the last services and materials pursuant to the contract were furnished within three months of lien filing. The full evidence is not recited in *Cumberland*, and it cannot be said that evidence was identical to the evidence in this case. In this case the evidence demands a finding that the last services and materials were *in fact* furnished pursuant to the contract not later than February 27, 1988; on that basis appellant was entitled to directed verdict under the law and the matter should not have been submitted to a jury. OCGA § 9-11-50.

Moreover, because the evidence demands a finding that the con

tract was *in fact* completed and performed no later than February 27, 1981, and because it is self-evident that a contractor cannot go back indefinitely and "check" to see if it had completed its work, or do some "repair" or other activity sua sponte, and thus extend the time for lien filing, we did not say much about the substantial foreign and scholarly legal authority on the subject, but there are powerful policy reasons for our conclusion upon this evidence. The position of appellee completely disembowels the lien laws; suffice it to say that the sanctity of the lien laws, not the supposed sanctity of an unauthorized jury verdict, demands the result obtained upon the evidence in this case on appeal.

*Motion for rehearing denied.*

DECIDED APRIL 17, 1991 —
REHEARING DENIED MAY 7, 1991 —

*Thompson & McClure, Douglas R. Thompson, John L. Adair*, for appellant.

*Stewart, Melvin & House, William H. Blalock, Jr.*, for appellee.