A02A0249. BUSH et al. v. NORTHSIDE TRUCKING, INC. et al.
(556 SE2d 909)

ELDRIDGE, Judge.

In early 2000, appellant-defendants Erik and Mary Beth Bush decided to undertake an extensive landscaping project in the backyard of their home, located in Alpharetta. Mr. Bush prepared a layout of the proposed project, and, acting on this, defendant Environmental Scapes-Fence Division, Inc. ("ESFD") submitted its proposal to complete the project, estimating the total price to be $32,220. On April 29, 2000, the Bushes entered into an agreement with ESFD for the completion of the project under its proposal and subject to additional terms and conditions which were attached to the contract as page 2 thereof. Of these, paragraph 10 pertinently provided that "[a]lterations, additions, or deviations shall be charged to the owner at the contractor's normal selling price." The project was thereafter modified to bring a proposed retaining wall closer to the Bush home to avoid encroaching upon a Fulton County easement. The Bushes paid ESFD $16,110 before work began on the project. Work then commenced but later stopped upon the Bushes' refusal to pay an August 17, 2000 ESFD billing for materials and labor that was nearly

---

[7] (Citation and punctuation omitted.) *J. H. Harvey Co. v. Reddick*, supra at 471 (1) (b);
[8] Id.

$25,000 in excess of its $32,220 estimated original proposal for completing the project.

On September 25, 2000, appellee-plaintiff Northside Trucking, Inc., as ESFD's subcontractor and materialman, filed a materialman's lien under OCGA § 44-14-360 et seq. in the amount of $23,105.58 for loading, delivering, and unloading dirt, gravel, and stone at the Bushes' residence. A month later, Northside filed the instant complaint against the Bushes and ESFD, pertinently seeking a special lien on the Bush property and leave to foreclose on it and as to ESFD damages for breach of contract and OCGA § 13-6-11 attorney fees. The Bushes and ESFD timely answered, denying the material allegations of Northside's complaint while contemporaneously filing counterclaims against each other. The Bushes, pro se,[1] and Northside thereafter proceeded to compulsory, nonbinding arbitration under Atlanta Judicial Circuit ("AJC") Local Procedure[2] 1000. On May 18, 2000, following an arbitration hearing, the arbitrators issued their award as follows: "[Northside] is entitled to enforce a materialman's lien against the [Bushes'] property . . . in the sum of $24,722.97 principal & [interest plus] $6,000 [attorney fees]. We award [ESFD] the sum of $16,110[ ] to be paid by [the Bushes] unless the lien amount is paid by the Bushes."

By their brief on appeal, the Bushes concede that they have given their consent to the arbitration award for failure to timely file a demand for trial within 30 days of the filing of the arbitration award with the AJC's Alternative Disputes Resolution Program ("ADRP") Administrator. See AJC Rule 1000, paragraphs 13i and 13j.[3] None-

---

[1] The record reflects that the Bushes terminated counsel before going to arbitration. They are again represented by counsel on appeal.

[2] "Effective December 31, 1994, the term 'local rules' is no longer used. See Superior Court Rule 1.1." Local Procedures of the AJC, Cover Sheet.

[3] These sections of AJC Rule 1000 provide:

13i.

Following a non-binding arbitration hearing, any party may file a demand for trial . . . within thirty (30) days of the filing of the arbitration award, with the ADRP Administrator, or designee who shall make a notation and entry of the date of filing of the award and the trial demand; the demand for trial shall be in the form of a pleading and shall contain the style of the case, the case number and a demand for jury or non-jury trial. Filing such demand for trial will entitle all parties to a de novo trial of all issues of fact or of law which were raised or could be raised in the arbitration hearing; such case will be tried before the judge to whom the case has been assigned in the ordinary procedure and course of time as if no arbitration hearing had been held. Arbitration proceedings shall not delay or impede the normal trial of such case.

13j.

If no party files demand pursuant to paragraph 13i, it shall be deemed a consent to the arbitration award and shall constitute a waiver of trial. After the expiration of such thirty (30) days without the filing of a demand, an appropriate judgment, order, or dismissal may be entered.

theless, they contend that the award should be set aside as confusing and open to interpretation, arguing that prejudgment interest is not due in that Northside's lien became liquidated only after judgment fixing its amount; that OCGA § 13-6-11 attorney fees are not due Northside as neither authorized by the Georgia lien statute, OCGA § 44-14-361 et seq., nor sought by its complaint; and that the principal amount due Northside is $16,110 since in no event can a materialman recover more than the contract price between the owner and general contractor. *Held*:

1. *Prejudgment Interest*. We agree that Northside was not entitled to prejudgment interest. "Prejudgment interest is allowable only where the amount recoverable is liquidated, i.e., certain and fixed, a sum which cannot be changed by the proof. A debt is liquidated when it is certain how much is due and when it is due. . . . A demand is not liquidated where its amount could only be established by a jury." (Citations and punctuation omitted.) *Marathon Oil Co. v. Hollis*, 167 Ga. App. 48, 51-52 (3) (305 SE2d 864) (1983). Moreover, interest on the amount of a lien may not be claimed in the absence of an agreement or judgment fixing such amount as liquidated. *Cowart v. Reeves*, 80 Ga. App. 161, 168 (55 SE2d 911) (1949). The amount of the lien here became liquidated only after judgment. Nevertheless the award was taken for the principal amount of the lien and interest thereon from the date it was alleged that the principal amount became due. Accordingly, the arbitrator's award was improper as to its award of prejudgment interest to Northside.

2. *OCGA § 13-6-11 Attorney Fees*. A defendant is not chargeable with the expenses of litigation unless he has acted in bad faith because the constitutional right to be heard in the courts is granted to defendants as well as plaintiffs. *Pickett v. Chamblee Constr. Co.*, 124 Ga. App. 769, 775 (9) (186 SE2d 123) (1971). By its complaint, Northside alleges bad faith in the instant litigation by ESFD alone. It follows that the award of OCGA § 13-6-11 attorney fees against the Bushes for bad faith litigation was here impermissible. Moreover, attorney fees are not lienable under the Georgia lien law and so would not be available in any event. OCGA § 44-14-361 et seq.; see also *Womack Indus. v. B & A Equip. Co.*, 199 Ga. App. 660, 661 (1) (405 SE2d 880) (1991) (OCGA § 44-14-361 in derogation of common law and so must be strictly construed).

3. *Confusion Barring Enforcement*. While we are mindful of our authority to require clarification on remand of a judgment deemed confusing, *Walker v. Walker*, 248 Ga. App. 177, 179 (4) (546 SE2d 315) (2001), such action is unnecessary in this case. Since neither prejudgment interest nor attorney fees were allowable under the circumstances of this case, as above, the plain meaning of the trial

court's judgment adopting the arbitrator's consent[4] award requires that the Bushes pay over the further sum of $16,100 to Northside or to ESFD. Such payment to either party shall fully satisfy the judgment in issue. "When the language of an agreement is plain and unambiguous, the court must afford its literal meaning, despite a party's contention that he understood the contract to mean something else. (Cit.)" *Sofran Peachtree City v. Peachtree City Holdings*, 250 Ga. App. 46, 50 (550 SE2d 429) (2001); see also *Ashworth v. Busby*, 272 Ga. 228, 230-231 (526 SE2d 570) (2000) (settlement agreement reviewed for plain meaning).

4. In light of our disposition of Divisions 1-3, we need not address the Bushes' remaining claim of error.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 3, 2001.

*Shapiro, Fussell, Wedge, Smotherman & Martin, Nicholas S. Papleacos, David C. Moulds*, for appellants.

*Meriwether & Tharp, Patrick L. Meriwether, Robert L. Tharp, Hipes & Norton, Albert L. Norton, Jr., Joseph C. Peake III*, for appellees.

---

[4] Local Procedure 1000, paragraph 13j (untimely demand for jury trial deemed consent to arbitration award).