A11A0897. FEDERAL TRUST BANK et al. v. C. W. MATTHEWS CONTRACTING COMPANY, INC.

(718 SE2d 63)

PHIPPS, Presiding Judge.

C. W. Matthews Contracting Company, Inc. filed an action seeking a materialman's special lien against property owned by Federal Trust Bank.[1] Federal Trust Bank thereafter obtained a bond for discharge of materialman's lien from Hartford Fire Insurance Company, and the latter was added as a defendant. C. W. Matthews amended the complaint to recover under the lien discharge bond. The trial court granted summary judgment to C. W. Matthews and denied summary judgment to Federal Trust Bank and Hartford Fire Insurance (collectively, the Bank). The Bank appeals from the rulings on the motions. For the reasons that follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant.[2]

---

[54] *Dept. of Veterans Svcs.*, supra.

[1] Although C. W. Matthews stated in its complaint that the action was a "materialman's lien foreclosure action," it sought only to obtain a special lien on the property in a certain amount and to recover under the lien discharge bond.

[2] *Lawyers Title Ins. Corp. v. Griffin*, 302 Ga. App. 726, 727 (691 SE2d 633) (2010)

In January 2007, C. W. Matthews entered into a contract with Crescent Development, Inc. for the former to provide asphalt and paving services and materials to a 12.67-acre parcel of land; the property contained a strip shopping center. On June 13, 2007, C. W. Matthews completed the work, which was valued in excess of $400,000. On September 12, 2007, C. W. Matthews, still owed $134,858.77, filed a claim of lien against the 12.67-acre property in the amount of $105,475.77. Still unpaid in February 2008, C. W. Matthews filed in superior court a complaint against Crescent Development and a notice of the action. C. W. Matthews obtained a default judgment against Crescent Development on June 5, 2008 for $134,858.77.

On June 3, 2008, Federal Trust Bank purchased a 1.8-acre parcel of the 12.67-acre property. In February 2009, when it had not received any payment of the amounts in the claim of lien or the default judgment, C. W. Matthews filed the instant action seeking a special lien against Federal Trust Bank's property in the amount of its judgment against Crescent Development;[3] it later amended the complaint to recover under the lien discharge bond. The trial court granted summary judgment to C. W. Matthews pursuant to the lien discharge bond in the amount of $105,475.77, and denied summary judgment to the Bank.

1. The Bank contends that the trial court erred in granting summary judgment to C. W. Matthews because the claim of lien was not filed within the time limit set out in OCGA § 44-14-361.1. The Bank and C. W. Matthews agree that the version of OCGA § 44-14-361.1 applicable in this case is the one that was in effect in June 2007.[4] That version of OCGA § 44-14-361.1 set forth, among other things, the requirements for declaring and creating the liens specified in OCGA § 44-14-361.[5] It provided, in relevant part:

> (a) To make good the liens specified in . . . subsection (a) of Code Section 44-14-361, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable: . . .

(citation and punctuation omitted).

[3] The amount initially set forth in the complaint filed against Federal Trust Bank was $134,858.77; as amended, the complaint set forth the amount of $105,475.77.

[4] Ga. L. 1991, p. 639, § 1.

[5] OCGA § 44-14-361 (a) (2) (Ga. L. 1991, p. 915, § 2) pertinently granted to contractors, subcontractors and materialmen furnishing material for the improvement of real estate a special lien on the real estate.

(2) The filing for record of his claim of lien within *three months* after the completion of the work . . . or within *three months* after the material or machinery is furnished in the office of the clerk of the superior court. . . .[6]

The Bank posits that "three months" as it appeared in the applicable (1991) version of the statute meant "90 days," not three *calendar* months as C. W. Matthews contends; thus, because the claim of lien came due on June 13, 2007, and July and August each have 31 days, C. W. Matthews's filing on September 12 was two days beyond the 90-day deadline. While we recognize that lien statutes in derogation of the common law must be strictly construed in favor of the property owner and against the materialman,[7] the Bank's argument is nonetheless without merit.

There is no statutory basis for the Bank's argument that the three-month requirement set out in the applicable version of OCGA § 44-14-361.1 is analogous to 90 days. In fact, contrary to the Bank's position, OCGA § 1-3-3 (11) defines "month," as used in the Georgia Code, as "a calendar month." OCGA § 1-3-3 does not define "calendar month," but Webster's Third International Dictionary (1981) defines "calendar month" as "the period from a day of one month to the corresponding day of the next month if such exists or if not to the last day of the next month."[8]

The Supreme Court of Georgia has computed "three months" in a manner consistent with these definitions:

From the first of one month to the first of the next month, in common language and common sense, is always one month, and from the second of the month to the second of the next does not vary the length of time — it is a month still. So from the first of January to the first of April is three months, and it can make no difference if the count be from the second or any other day of January to the second or any corresponding day of April. . . . [A]nd . . . always from . . . any other day of a given month, to the corresponding day of

---

[6] (Emphasis supplied.) A 2008 amendment to OCGA § 44-14-361.1, which took effect on March 31, 2009, replaced "three months" with "90 days." Ga. L. 2008, p. 1063, § 2. The amendment does not apply retroactively. See *Vulcan Constr. Materials v. Franklin Builders Properties*, 298 Ga. App. 120, 122, n. 1 (679 SE2d 356) (2009), citing *Browning v. Maytag Corp.*, 261 Ga. 20, 21 (401 SE2d 725) (1991).

[7] See *U. S. Filter &c. v. Barnett*, 273 Ga. 254, 255 (538 SE2d 739) (2000).

[8] An alternate definition contained in this source ("one of the months as named in the calendar") is not pertinent to the issue raised herein.

any following month, the time will be computed to be fully one, two, or three, or more full months, as the case may be.[9]

Nonetheless, the Bank cites several cases in which our appellate courts, in rendering decisions involving OCGA § 44-14-361.1 (the 1991 version and its predecessors), referred to a 90-day period for filing claims of lien. However, in none of those cases was the issue presented for adjudication the meaning of "three months" or the manner in which the period was to be computed.[10] The apparent effort in those cases to provide a shorthand definition of "three months," i.e., 90 days, was not necessary and the computation of "three months" (as calendar months versus a specific number of days) was not essential to the determination of those cases. Indeed, the 90-day language in the cited cases

> was obiter dicta lacking the force of an adjudication because it was a statement in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand. . . . As the U. S. Supreme Court recently noted, "we are not bound to follow our dicta in a prior case where the point now at issue was not fully debated." . . . "[G]eneral expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the

---

[9] *English v. Ozburn*, 59 Ga. 392, 393-394 (1877). See *Western &c. R. v. Carson*, 70 Ga. 388 (1883) (petition for certiorari filed on January 12, 1881 from October 12, 1880 verdict not timely filed, as it was not within three-month time limit), citing *Barrett & Carswell v. Devine*, 60 Ga. 632, 633 (1878) (three-month period for filing petition started on June 12 and ended at 12:00 at night on September 11; thus, September 12 filing was not timely).

[10] See, e.g., *Stonepecker, Inc. v. Shepherd Constr. Co.*, 188 Ga. App. 513, 514-515 (373 SE2d 295) (1988) (issue before court was whether lienholder could recover when it failed to bring its action within 12 months of the time the claim became due); *Spicewood, Inc. v. Ferro Pipeline Co.*, 181 Ga. App. 277, 278 (1) (351 SE2d 711) (1986) (where last services and materials were furnished on March 2, 1982, claim of lien filed on April 8, 1982 was timely); *Henderson v. Mitchell Engineering Co.*, 158 Ga. App. 306 (279 SE2d 750) (1981) (issues were whether payment arrangement between contractor and subcontractor barred subcontractor's enforcement of its lien against owner's property, and whether amount of indebtedness was limited to unpaid balance); *Pacific Southern Mtg. Trust v. Melton*, 151 Ga. App. 593 (260 SE2d 910) (1979) (February 12, 1974 filing held not timely where the last lienable item was charged on November 1, 1973; although the court referred to a 90-day period, the claim would have been untimely using either computation method); *M. Shapiro & Sons v. Yates Constr. &c.*, 140 Ga. App. 675 (231 SE2d 497) (1976) (in an action to recover on a statutory bond to release realty from a lien, issue was whether a lienor was required to prove entitlement to the lien; court held lienor in such a bond action had to show compliance with lien law and lienee could assert defenses which would have been available in a lien foreclosure action; court did not discuss whether time limit had been met).

judgment in a subsequent suit when the very point is presented for adjudication."[11]

The "very point" presented for adjudication in the case at bar is the meaning of "three months" and whether that period had expired before C. W. Matthews filed its claim of lien. We decline to give force to the dicta in the cases cited by the Bank because the language relied upon was not necessary to resolve the issues before the court in those cases.[12]

Accordingly, the three-month period in the instant case began on June 13, 2007 and ended at 12:00 midnight on September 12, 2007. C. W. Matthews's September 12, 2007 filing was timely pursuant to the applicable version of the statute, and the court did not err in so ruling.

2. The Bank contends that the court erred in granting summary judgment to C. W. Matthews because the asphalt and paving services and materials were provided to the entire 12.67-acre shopping center, not solely to Federal Trust Bank's 1.8-acre parcel. The Bank's argument is without merit.

In moving for summary judgment, C. W. Matthews asserted that it had satisfied the requirements set forth in the applicable (1991) version of OCGA § 44-14-360 et seq. to enforce its lien against the property owned by Federal Trust Bank and for which the lien discharge bond provided by Hartford Fire Insurance was issued as security.[13] C. W. Matthews supported its motion with evidence showing that it had satisfied the requirements of the applicable versions of OCGA §§ 44-14-361 and 44-14-361.1. That evidence included an affidavit in which it stated, inter alia, that pursuant to a contract with Crescent Development, C. W. Matthews had provided asphalt and paving services and materials which were incorporated

---

[11] *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008) (citations and punctuation omitted).

[12] See id.

[13] For a lien specified in the 1991 version of OCGA § 44-14-361 (a) (2) to be enforceable, the 1991 version of OCGA § 44-14-361.1 (a) (2) and (a) (3) required, in relevant part: the filing for record of the claim of lien within three months of last providing services or materials to the project (which claim contained certain information, such as the lien claimant's name, the claimant's position as a materialman, contractor, etc., its claim for a specific amount, a description of the property, and the date the claim became due); and the commencement of an action for the recovery of the amount of the claim within 12 months from the time the claim became due and, within 14 days of the filing of the action, the filing of a notice with the clerk of superior court wherein the subject lien was filed. See applicable 1983 version of OCGA § 44-14-364, which pertinently provided for the obtaining of a lien discharge bond by a property owner and the requirement that the bond be conditioned to pay a lienholder the sum found to be due upon the trial of an action filed by the lienholder to recover the amount of the claim. Ga. L. 1983, p. 1450, § 2. OCGA § 44-14-364 was amended in 2008, effective March 31, 2009 (Ga. L. 2008, p. 1063, § 4).

into a 12.67-acre parcel of land (the "Property"); as of June 13, 2007, the work was completed on the Property; the total value of the work C. W. Matthews performed exceeded $400,000, and C. W. Matthews was owed $134,858.77 for the services and materials it provided to the Property; "Tract 1" of the Property was owned (at the time of the complaint) by Federal Trust Bank; the value of paving services provided to Tract 1 exceeded $149,000 and included the entire parking lot for the strip center on Tract 1; as of September 12, 2007, C. W. Matthews was owed the principal sum of $134,858.77 for services and materials it provided to the Property; and on September 12, 2007, C. W. Matthews filed a claim of lien against the Property in the amount of $105,475.77.

In opposing the motion, the Bank did not dispute that C. W. Matthews had satisfied the requirements of the applicable lien statutes — except regarding the three-month time limit[14] (discussed in Division 1[15]) and the requirement that the materials and services were furnished for the improvement of Federal Trust Bank's real property.[16] The Bank submitted an affidavit stating, in pertinent part, that it owned only 1.8 acres of the 12.67-acre property improved; it also pointed to an invoice purportedly showing that the $105,475.77 lien amount was for work done on "Phase I" and "Phase II" of the entire property, and pointed to plats purportedly showing that Federal Trust Bank's parcel (Tract 1) constituted only a portion of "Phase I" and none of "Phase II."

The Bank is correct that the burden was on C. W. Matthews "to prove that the materials [and services] furnished actually went into construction of [Federal Trust Bank's property], under a contract and the value of same."[17] C. W. Matthews made the required showing. Its affidavit stated that it completed its work pursuant to the contract, and that the total value of the work it provided to the 12.67-acre property exceeded $400,000; the 1.8-acre tract owned by Federal Trust Bank was part of the property improved and included in the property covered by the lien; and "[t]he value of asphalt paving services provided to the 'Tract 1' portion of the [p]roperty

---

[14] OCGA § 44-14-361.1 (a) (2) (1991 version).

[15] Supra.

[16] See OCGA § 44-14-361 (a) (2) (1991 version) (pertinently providing for contractors and materialmen furnishing material for the improvement of real estate to have a special lien on the real estate); OCGA § 44-14-361 (b) (1991 version) (pertinently providing that such a lien may attach to the real estate of the owner for which the services or materials are furnished).

[17] *Sanford v. Hodges Builders Supply*, 166 Ga. App. 86, 87 (2) (303 SE2d 280) (1983) (citation and punctuation omitted). See *Guaranty &c. Co. v. Athens Engineering Co.*, 152 Ga. 596, 598 (5) (110 SE 873) (1922) (noting pertinently that liens for contractors and materialmen, created by the same statute (Civil Code, § 3352, now OCGA § 44-14-361) are of the same character and governed by the same principles of law).

exceeded $149,000 and included the entire parking lot for the strip center currently on Tract 1."

Assuming arguendo that the referenced plats and invoice showed what the Bank claimed they did,[18] the documents were not certified or authenticated and cannot be considered in our evaluation of whether summary judgment was warranted.[19]

On motion for summary judgment, the evidence is construed most favorably for the opposing party, but when the movant presents evidence showing that there is no genuine issue of fact, it is incumbent upon the respondent to present evidence to the contrary.[20] The Bank presented no evidence to rebut C. W. Matthews's evidence that services and materials of the value alleged were used in the improvement of Federal Trust Bank's property.[21] The court did not err in determining that the claim of lien was enforceable and in granting C. W. Matthews's motion for summary judgment as to recovery under the lien discharge bond which was provided as security for the real property owned by Federal Trust Bank.[22]

3. The Bank contends that the court erred in denying its motion for summary judgment because the claim of lien was filed more than 90 days after it became due and the materials and services were not provided solely to the Bank's property. For the reasons discussed in Divisions 1 and 2,[23] the court did not err in denying the Bank's motion for summary judgment.[24]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED OCTOBER 21, 2011.

---

[18] The plats referenced did not clearly identify the relationship between Tract 1 and Phases I and II; the invoice referenced did not indicate the extent to which it pertained to Tract 1.

[19] See *Baker v. Simon Property Group*, 273 Ga. App. 406, 407 (1) (614 SE2d 793) (2005).

[20] *Taverrite v. Lowe's of Franklin*, 166 Ga. App. 346, 347 (1) (304 SE2d 78) (1983).

[21] See generally *United Bonding Ins. Co. v. Good-Wynn Elec. Supply Co.*, 124 Ga. App. 545, 546 (1) (184 SE2d 508) (1971).

[22] See *Taverrite*, supra (materialman entitled to enforce lien where it, inter alia, presented evidence that it delivered materials to owner's property, and owner argued that all materials at issue were not actually used on the property but failed to present rebuttal evidence showing the materials were not used on the property); see generally *Madison Retail Suwanee v. Orion Enterprises &c.*, 309 Ga. App. 712 (711 SE2d 71) (2011) (affirming grant of summary judgment to materialman in action to recover on lien discharge bond obtained by property owner).

[23] Supra.

[24] See generally *McGivern v. First Capital Income Properties*, 188 Ga. App. 716, 717 (1) (373 SE2d 817) (1988) (motion for summary judgment should not be granted unless it affirmatively appears from the pleadings and evidence that the party so moving is entitled to prevail).

*Miles, Patterson, Hansford & Tallant, Dana B. Miles, Wendy W. Kraby*, for appellants.

*Moore, Ingram, Johnson & Steele, G. Phillip Beggs, Christopher C. Mingledorff*, for appellee.