**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 15, 2014**

# In the Court of Appeals of Georgia

A14A0962. HILL v. VNS CORPORATION d/b/a CHOO CHOO LAKE OCONEE et al.

MILLER, Judge.

VNS Corporation d/b/a Choo Choo Lake Oconee ("VNS") sued Craig Hill to enforce a materialman's lien on Hill's real property. Hill appeals from the trial court's order granting summary judgment to VNS, contending that factual questions remain regarding the amount of the materialman's lien. For the following reasons, we agree. Therefore, we reverse and remand.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Vulcan Constr. Materials, LP v. Franklin Builders Properties, Inc.*, 298 Ga. App. 120, 121 (679 SE2d 356) (2009).

So viewed, the evidence shows that Hill is the owner of real property (the "Property") located in Greene County. Hill contracted with Bonacori Custom Homes of Georgia, LLC ("BCH") for the construction of a home on the Property. Between June 26 and August 30, 2012, BCH purchased materials from VNS for use in the construction of Hill's home.

Hill paid BCH a total of $254,336.25, including $89,836.25 for building materials supplied by VNS. Hill also paid $57,653.10 directly to VNS for custom-made materials which were ordered for, but not delivered to, the Property.

On October 25, 2012, after BCH failed to pay for all of the materials supplied by VNS for the construction of Hill's home, VNS filed a materialman's lien against the Property in the amount of $44,175.99. The next day, VNS filed suit for breach of contract and other claims against BCH and Richard L. Buonocore Jr. (hereinafter, the "Buonocore defendants"). VNS also sued Hill contending that VNS was entitled to a materialman's lien against the Property.

VNS moved for a default judgment against the Buonocore defendants based on their failure to respond to the complaint. The trial court granted VNS's motion, resulting in a default judgment against the Buonocore defendants in the amount of $43,408.30, plus interest and attorney fees.

The Buonocore defendants subsequently made a payment to VNS in the amount of $27,000.[1] According to VNS, only $18,797.63 of that payment was applied to the outstanding balance owed for the materials used to construct Hill's residence. The remaining $8,202.37 was applied to prejudgment interest and attorney fees allegedly owed pursuant to the terms of a June 2011 credit application and personal guarantee signed by Richard Buonocore.

VNS subsequently amended its claim against Hill to state that VNS was entitled to a reduced materialman's lien against Hill's property in the amount of $27,644.69. VNS then moved for summary judgment, and the trial court granted VNS's motion, finding that VNS was entitled to a materialman's lien in the amount of $27,644.69 plus $1,450.52 in prejudgment interest.

---

[1] In June 2013, Richard Buonocore filed for Chapter 7 bankruptcy protection.

Hill contends that the trial court erred in granting summary judgment to VNS, because factual questions remain regarding the amount of the materialman's lien VNS sought. For the reasons that follow, we agree.

"The Georgia General Assembly has enacted a detailed statutory scheme for creating special liens on real property, including liens of materialmen who furnish materials for the building, repairing, or improving of the property." (Footnote omitted.) *Few v. Capitol Materials, Inc.*, 274 Ga. 784 (1) (559 SE2d 429) (2002); OCGA § 44-14-361 et seq.[2]

> A materialman's lien effectively permits the transfer of liability from the person who actually contracted with the materialman for materials to be used in improving real estate to the owner of the improved property, even though that property owner usually will have no relationship with the materialman, contractual or otherwise.

(Citation omitted.) *Palmer v. Duncan Wholesale*, 262 Ga. 28, 29-30 (1) (413 SE2d 437) (1992). "[B]ecause materialman's liens are in derogation of the common law, statutes involving such liens must be strictly construed in favor of the property owner

---

[2] OCGA § 44-14-361.1 (a) sets out the provisions for perfecting a lien. Hill does not challenge the validity of the lien on appeal. Hill argues only that the trial court erred in calculating the amount of the materialman's lien requested by VNS.

and against the materialman." (Citations omitted.) *Browning v. Gaster Lumber Co.*, 267 Ga. 72, 73 (475 SE2d 576) (1996).

The right to a materialman's lien is based upon "the theory that the work and material . . . for which the lien is sought have increased the value of the realty by becoming a part thereof." (Citation and punctuation omitted.) *182 Tenth, LLC v. Manhattan Constr. Co.*, 316 Ga. App. 776, 780 (3) (730 SE2d 495) (2012). Accordingly, lien statutes allow a materialman to secure a lien only for the materials and work which actually went into the structure. Id. Moreover, VNS had the burden of proving the lien amount, if any, to which it was entitled by producing evidence of lienable items included in the default judgment against BCH. *182 Tenth*, supra, 310 Ga. App. at 779 (2).

(a) *A question of fact remains regarding the lien amount to which VNS is entitled*.

In a suit to enforce a materialman's lien directly against the improved property, the property owner "who has paid the agreed price or any part of same, may set up the payment in any lien action brought and proved by competent and relevant evidence that the payments were applied as provided by law, and no judgment shall be rendered against the property improved." OCGA § 44-14-361.1 (a) (4). Payments are

5

properly applied when the money paid to the contractor is in fact used for payment of labor and materials. See *Mayer Elec. Supply Co. v. Fed. Ins. Co.*, 195 Ga. App. 191, 192 (393 SE2d 270) (1990).

Here, VNS presented affidavit evidence showing that BCH failed to pay for more than $29,000 in materials used for the construction of Hill's home. Hill responded by presenting his own affidavit showing the payments that he made to BCH for the materials used in the construction of his home. Hill stated in his affidavit that he made payments to BCH totaling $254,336.25 and these payments included $89,836.25, which was supposed to be paid to VNS for building supplies. Additionally, the evidence shows that BCH made a $27,000 payment to VNS less than one month after the trial court entered a default judgment against BCH. As set forth above, VNS had the burden of proving the lien amount, if any, to which it was entitled and it failed to do so at this stage of the proceedings. The conflicting affidavits and other record evidence present material issues of fact regarding the lien amount which must be determined at trial. See *Durham v. Marchman*, 246 Ga. 645, 647 (2) (272 SE2d 343) (1980). Consequently, the trial court erred in granting summary judgment to VNS.

(b) *Hill is entitled to full credit for the Buonocore defendants' $27,000 payment against the amount of any materialman's lien awarded to VNS*.

Here, the evidence shows that the Buonocore defendants paid $27,000 to VNS after the trial court entered a default judgment against BCH. Rather than applying the full amount of that payment to the outstanding balance owed for the materials used to construct Hill's residence, VNS applied $8,202.37 to prejudgment interest and attorney fees allegedly owed by BCH. VNS then sought a reduced materialman's lien in the amount of $27,644.69, in addition to $1,450.52 in prejudgment interest, which the trial court granted.

The attorney fees and interest allegedly owed by the Buonocore defendants are not lienable items under the Georgia lien statutes. See *Bush v. Northside Trucking*, 352 Ga. App. 729, 731 (2) (556 SE2d 909) (2001) (attorney fees are not lienable); *182 Tenth*, supra, 310 Ga. App. at 781 (2) (interest due on unpaid payment applications was not a lienable item). Accordingly, the trial court erred in failing to credit the full amount of the $27,000 payment against VNS's claim for a materialman's lien.

c. *VNS was not entitled to prejudgment interest*.

7

Prejudgment interest on a lien may not be claimed, where as here, there is no agreement fixing the amount of the lien. *Bush*, supra, 352 Ga. App. at 731 (1). Accordingly, the trial court erred in awarding prejudgment interest to VNS.

In sum, we hold that VNS is not entitled to summary judgment at this stage of the proceedings because it failed to prove the lien amount, if any, to which it was entitled; VNS is not entitled to a lien for the attorney fees and interest allegedly owed by the Buonocore defendants; VNS is not entitled to recover prejudgment interest; and Hill is entitled to full credit for the $27,000 payment. Accordingly, we reverse the trial court's judgment and remand this case for further proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded. Doyle, P. J., and Dillard, J., concur*.